## COOPER v. ATLANTIC COAST LINE R. R.

DEMURRER—CONTRIBUTORY NEGLIGENCE.—A complaint based on negligence is not demurrable, because it states facts from which contributory negligence must be inferred, if the facts stated do not conclusively show contributory negligence, or may support an inference to the contrary.

Before GARY, J., Sumter, July, 1903.    Reversed.

Action by J. Witherspoon Cooper against Atlantic Coast Line Railroad Co.   From Circuit order sustaining demurrer to complaint, plaintiff appeals.

*Messrs. Lee & Moise,* for appellant, cite: *Defendant did observe statutory requirements:* Code, 1902, 2134; 64 S. C., 176; 53 S. C., 124; 61 S. C., 410; 58 S. C., 222; 47 S. C., 105; 58 S. C., 375. *Whether plaintiff was guilty of con. negligence, was for jury:* 65 S. C., 1; 56 S. C., 95; 61 S. C., 345; 62 S. C., 130; 53 S. C., 203; Hutch. on Car., 720, 725; 2 Ency., 1 ed., 768; 66 S. C., 528.

*Messrs. Willcox & Willcox* and *Mark Reynolds,* contra, cite: *Complaint which shows that injury was caused entirely by negligence of plaintiff is demurrable:* 67 S. C., 528; 56 S. C., 93; 61 S. C., 345. *What acts of passenger in alighting from moving train are negligent:* 56 S. C., 93; 61 S. C., 351; 66 S. C., 534; 67 S. C., 65; 62 S. C., 137; 14 Am. Neg. R., 451; 2 Rorer on R. R., 1116; Dur. Neg., sec. 95; 14 S. E., 591; 15 S. E., 534; 13 S. E., 904; 7 S. E., 854; 10 S. E., 506; 20 S. E., 473; 17 S. E., 949; 67 S. C., 61.

July 30, 1904.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The appeal in this case is from an order sustaining a demurrer to the complaint for insufficiency, in that it stated facts showing plaintiff's contributory

negligence. The complaint was for damages for personal injuries to plaintiff while disembarking at Maysville, S. C., from defendant's moving train, at night, without light, plaintiff unaware of the speed of the train and not seeing the danger, but almost immediately after the starting of the train and on the invitation of the conductor, familiar with the circumstances and at a regular station, the train not having stopped a sufficient time to allow plaintiff, exercising great diligence, to assist his inexperienced daughter on the train as a passenger and disembark while the train was standing.

Under the case of *Jarrell* v. *Rwy. Co.*, 58 S. C., 491, 36 S. E., 910, approved in *Elkins* v. *R. R. Co.*, 64 S. C., 553, 43 S. E., 19, a complaint based upon negligence is demurrable, if it states facts from which plaintiff's contributory negligence must be inferred, for this necessarily defeats recovery. If, however, the facts stated do not conclusively show contributory negligence or may support an inference to the contrary, it should be left with the jury to decide the question.

In the case of *Cooper* v. *Ry. Co.*, 56 S. C., 91, 34 S. E., 16, the rule has been declared that it is not negligence, as matter of law, for a passenger to alight from a moving train on the invitation of the carrier's agent, *unless the circumstances are such as to make the danger of alighting obvious to a person of ordinary prudence and senses.* It is true, as stated in *Creech* v. *Ry.*, 66 S. C., 534, 45 S. E., 86, that "the admitted speed of the train may be so great as to warrant the Court in concluding therefrom as matter of law that boarding (or alighting from) such train was negligent; but ordinarily it should be left to the jury to determine whether the passenger's act of alighting or boarding, under all the circumstances, was negligent," and in that case it was held not to be a conclusive presumption of contributory negligence to board or alight from a train moving three or four miles an hour.

A fair inference from the complaint is that plaintiff endeavored to alight immediately after the train started for-

ward.   Is it at all probable that the train was then moving at an obviously dangerous rate of speed?   The time was night and there were no lights, but the place was a regular station, presumably affording a safe landing place, and the interval between the starting of the train and the act of alighting may have been so brief as to justify an inference that the train had not passed the station grounds or acquired a dangerous speed.   Moreover, the plaintiff, unaware of the speed of the train and seeing no danger, was invited to alight by the conductor, who was familiar with the situation.   May not the plaintiff have reasonably assumed, under these circumstances, that the conductor would not invite him to alight, if it was manifestly dangerous to do so?

We do not think the facts stated so conclusively show contributory negligence as not to require submission to the jury.

The judgment of the Circuit Court is reversed.