14561

TOBACCO REDRYING CORP. v. UNITED STATES FIDELITY & GUARANTY CO.

(193 S. E., 426)

*Mr. W. Marshall Bridges,* for appellant, cites:

*Messrs. McEachin & Townsend,* for respondent, cite:

November 4, 1937.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

A history of this case, and the pertinent facts as gathered from the testimony given on the trial in the Court below, follows:

Respondent, a corporation, operates a business in Lake City, S. C., assorting and redrying tobacco for export, and has numerous employees. Appellant is licensed in this State, and engages in the business of writing bonds and certain types of insurance, among which are public liability and employer's liability.

Lake City Insurance Agency, a corporation located at Lake City, S. C., is engaged in the business of soliciting insurance of all types for and in behalf of the insurance companies it represents, and was the local agent for appellant. This agency had been handling all types of insurance carried by respondent on and about its Lake City plant since 1929. Lake City Insurance Agency was not permitted to

issue policies of public liability and employer's liability, as is done with fire insurance policies, but was required to send in applications to the company, and if approved by the company (appellant), the policy or policies were forwarded to said agency, for the purpose of delivery and the collection of premium. Respondent carried employer's liability insurance, but prior to the application for this policy, Lake City Insurance Agency had always placed it with another company, although it had represented appellant at Lake City for a number of years, and in fact had never sent an application to appellant for this particular type of insurance. However, at the time this policy was applied for, the company (Maryland Casualty Insurance Company), in which respondent's employer's liability insurance had been carried, had withdrawn the agency from Lake City Insurance Agency.

J. L. Richardson was the principal officer of Lake City Insurance Agency, and J. L. Payne the principal officer of respondent. On or about August 1, 1933, Richardson verbally solicited the public liability and employer's liability insurance of respondent in the standard form, and was by Payne, representing respondent, authorized to write both types of insurance. At the time this insurance was solicited, Richardson testified that he stated to Payne that he was representing appellant, and would place the insurance with appellant.

When Lake City Insurance Agency sent to appellant the application of respondent for public liability insurance, it failed to send application for employer's liability. A policy for public liability was written by appellant, and forwarded to Lake City Insurance Agency about August 10, 1933. This last-mentioned agency, upon inquiry made by Payne, informed respondent that the policies (public and employer's) had been received, were in its possession, and collected the premiums therefor. It was the custom between respondent and Lake City Insurance Agency for the latter to retain possession of the policies of insurance written for respondent through the latter's office or agency.

On or about August 26, 1933, an employee of respondent was injured, which injury was immediately reported to Lake City Insurance Agency. Appellant, about one month thereafter, disclaimed any liability for the reason that it had not received application for an employer's liability policy, had not written such a policy, and had not received any premiums therefor. According to the testimony of Richardson, he thereafter attempted to pay appellant such premium, less the commissions of his agency, and appellant refused to accept same.

In October, 1935, an action was commenced by the injured employee above referred to, against respondent, and resulted in respondent having to pay out $767.00 on July 1, 1936.

Respondent then brought an action against appellant; the complaint, liberally construed, alleging that the negligence of appellant's agent, Lake City Insurance Agency, through its principal officer, Richardson, in failing to send in the application for employer's liability insurance, resulted in respondent being without coverage of this character, and in the loss to respondent in the said sum of $767.00, and interest thereon from the date paid.

Appellant first moved for a nonsuit, which motion was refused. After stating that no testimony would be offered, appellant moved for a directed verdict. There being no dispute as to the facts, and with the consent of the litigants, the case was withdrawn from the jury and the motion taken under advisement by the trial Judge, with the understanding had in open Court that he would render a judgment in favor of either the appellant, or for the respondent against appellant, in the sum sued for, with interest. Thereafter, the trial Judge rendered judgment against appellant.

The appellant has 21 exceptions, but in argument has so grouped them as to raise but three questions:

First. Was there error on the part of his Honor in hold-

ing that this action was one in tort and not one on an oral policy of insurance?

Second. Was there error on the part of his Honor in holding that the Lake City Insurance Agency was in this instance agent of the United States Fidelity & Guaranty Company so that appellant United States Fidelity & Guaranty Company would be liable for any negligence or carelessness of said Lake City Insurance Agency?

Third. Was there error on the part of his Honor, in the light of the testimony adduced at the trial, in overruling appellant's motion for nonsuit and motion for verdict by direction, and in directing a verdict for the respondent?

We think the trial Judge properly construed the complaint. In Paragraph 2 it is alleged: " * * * That subsequent to August 1, 1933, and prior to August 10, 1933, the defendant's agent, in writing the defendant for the coverage purchased by the plaintiff, negligently and carelessly failed to include in his request for the policy the employer's liability purchased and paid for by the plaintiff, and that by reason of the said neglect the defendant on or about August 10, 1933, forwarded to its agent at Lake City its policy No. PM 9114, covering public liability but not covering plaintiff's employer's liability which had been purchased from the defendant and the premium thereon duly paid." In Paragraph 7 it is alleged, "That by reason of the negligence and carelessness of the defendant in failing to cover the plaintiff with an employer's liability, the plaintiff has been forced to pay the sum of Seven Hundred Sixty-seven ($767.00) Dollars in settlement," etc.

It will, therefore, be seen that the complaint is based on negligence in failing to make a contract, and but for which negligence a contract would have been entered into, and respondent have been saved harmless.

This case differs materially from the case of *Fulmer v. London, Liverpool & Globe Company*, 172 S. C., 525, 174 S. E., 466, 467, cited by appellant. That case was bottomed

upon an alleged oral contract of insurance, and was, therefore, a suit *ex contractu,* and not *ex delicto.* There was no agreement as to the company represented by the agent with whom the alleged contract was made in which the insurance was to be placed. In the present case, according to the testimony of Richardson, he told Payne that he was placing the insurance with appellant company. We deem it unnecessary to refer to other differences in the cases.

In matters of contract, one dealing with an agent of the principal has the right to rely upon the reasonably apparent scope of authority of the agent, while one seeking to hold the principal responsible for the negligence of an agent is bound by the actual scope of authority of the agent. But in the case at bar, it is undisputed that Lake City Insurance Agency was the agent of appellant, not only for the purpose of procuring application for employer's liability, inspecting the plant to be thus insured so as to include the necessary information in the application, but to receive the policy when and if written, deliver it to the insured, either constructively or actually, and collect the premium therefor.

We are dealing with this case upon the theory that had the application for employer's liability been sent to appellant, the appellant would have written the coverage. There is no defense interposed that even had the agent forwarded the application therefor, the policy would not have been issued; certainly no testimony to this effect, since appellant offered no evidence, and the policy for which an application was received was written by appellant. It therefore appears that the failure of the agent of appellant to send in the application of respondent for employer's liability was the direct and proximate cause of the loss of respondent.

We will briefly refer to some of the cases from other jurisdictions cited and quoted from in appellant's brief.

The case of *Savage v. Prudential Life Insurance Company*, 154 Miss., 89, 121 So., 487, is annotated in 75 A. L. R., 956 under the general headnote, "Rights and remedies arising out of delay in passing upon application for insurance," and under the subhead, "Liability *ex delicto*." That was an action to recover for the alleged negligence of the insurance company in failing to pass upon an application for life insurance within a reasonable time, where the application provided that, unless the first full premium was paid, the policy should not take effect until issued by the company and received by the applicant; and further conditions.

The issuance of life insurance policies is conditioned upon so many and varied prerequisites, and the public are so well informed of the investigations made by companies engaged in the business of writing insurance on lives, considerable delay in passing upon an application may be anticipated by the applicant. In applying for employer's liability insurance, it is not to be anticipated that there will be any considerable delay in its issuance or refusal, and in the instant case, appellant's agent informed respondent that the policy had been issued and was in its (the agent's) office. The mere fact that a life insurance company delayed the entering into of a contract of insurance could never be evidence of negligence on its part, and, on the other hand, is evidence of prudence where the party attempting to enter into such contract, or the beneficiary proposed in the contract, has complaint of such delay.

While the cases of *Thornton v. National Council of Junior Order United American Mechanics*, 110 W. Va., 412, 158 S. E., 507, and *Chittum v. Commonwealth Life Ins. Company*, 115 W. Va., 760, 177 S. E., 782, are some authority for appellant's position, yet the facts of those cases are so different from the instant case as to have slight weight.

The trial Judge in his order correctly summarized the facts of this case as follows: "The application was duly made to an agent duly authorized to receive and transmit it. The premium was paid. The agent negligently failed to forward the application to his principal. Through negligence the agent failed to discover that the policy applied for had not been issued. The applicant was a safe risk for this particular type of insurance. The agent negligently informed the applicant that the insurance as applied for had been issued. Plaintiff relied on that erroneous information and suffered damage as a result thereof."

There is no new law in this case. It all goes back to the simple question if a principal can be held accountable for the negligence of his agent acting within the scope of his authority. A principal can.

All exceptions are overruled, and judgment appealed from affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.