16187

SMYTH v. FLEISCHMANN
(52 S. E. (2d) 199)

*Messrs. Stoney, Crosland and Pritchard,* of Charleston, *for Appellant,*

*Mr. Frank H. Bailey,* of Charleston, *for the late John I. Cosgrove, for Respondent,*

March 2, 1949.

BAKER, Chief Justice.

The appellant in this case, plaintiff below, alleges in her complaint the making of a contract with the respondent, under the terms of which she was employed to work in a bakery establishment conducted by the respondent, and the breach of such contract.

The questions presented on this appeal arise out of allegations of the complaint charging that the alleged breach of the contract by the respondent involved fraud in the inception of the contract as well as in the breach thereof. The issues were presented below by motion on the part of the respondent to strike from the complaint as "irrelevant, redundant and immaterial" the allegations of the complaint which purport to characterize the respondent's acts as fraudulent and as supporting appellant's claim to punitive as well as compensatory damages. The appeal is from the order of the Circuit Court granting such motion.

The appellant alleges that at the time of the making of the alleged contract with respondent she was employed in a clerical capacity of One Hundred and Fifty ($150.00) Dollars a month, and that while she was so employed the respondent offered her employment as manager of his establishment on the following terms:

The respondent "would pay her Fifty ($50.00) Dollars per week during the first three months of said employment, of which Thirty-five ($35.00) Dollars would be considered as salary and Fifteen ($15.00) Dollars as bonus; and after the first three months of such employment a salary of Fifty ($50.00) Dollars per week; that in addition thereto the plaintiff would receive at the end of one year of such employment a bonus of ten (10%) per cent of the net profits of the business during such year, said bonus to be, at all events, not less than Five Hundred ($500.00) Dollars; and that in the event that the said business of the defendant should be incorporated the defendant would give to the plaintiff twenty (20%) per cent. of the capital stock of said corporation, the same to be placed in escrow upon such terms and conditions as might be agreed upon between the plaintiff and the defendant."

It is then alleged that by reason of said "offer and representations" the appellant was induced to give up her position and accept employment with the respondent; that, however, less than three weeks after the making of the alleged contract respondent discharged the appellant "without any just cause, reason or excuse." After thus setting forth the circumstances out of which the employment contract arose, the terms thereof and the breach, the complaint then proceeds with the allegations which the lower Court struck out on respondent's motion. Among these are the whole of paragraph Six of the complaint which reads as follows:

"Six: That as the plaintiff is informed and believes, the action of the said defendant in luring the plaintiff from her employment at the Fort Sumter Hotel, and inducing her to accept the employment offered by him, and in subsequently breaching his agreement with the plaintiff as aforesaid, was wilful, wanton and fraudulent, in that the said defendant in fact never intended to live up to his said agreement with the plaintiff, but merely desired to gain for the said Colony Bake Shop the benefit of plaintiff's ability,

reputation and popularity; and that the defendant well knew that he did not intend to retain the plaintiff in his employ as he had agreed to, but that on the contrary she would be discharged as soon as it should become evident to the defendant that the said Colony Bake Shop was going to be a successful and remunerative enterprise."

The lower Court also struck out from other portions of the complaint the words "willful, wanton and fraudulent" used by the pleader in characterizing the actions of the respondent; the words "the plaintiff was misled and induced to give up her former employment, her business experience, reputation and efficiency have been taken advantage of for the benefit of the said defendant"; and the words "which she entered into in good faith" used by the pleader in characterizing her acceptance of the terms of the alleged contract.

The order of the Circuit Court granting the motion to strike is rested by the Circuit Judge on the holdings of this Court in the cases of *Holland v. Spartanburg Herald-Journal Co.,* 166 S. C. 454, 165 S. E. 203, 205, 84 A. L. R. 1336; *Hall v. General Exchange Insurance Corporation,* 169 S. C. 384, 169 S. E. 78; and *Lilienthal v. South Carolina Public Service Co.,* 174 S. C. 177, 177 S. E. 98. Quoting from the *Holland case* the Circuit Judge says in his order:

"It is the settled rule of this State that such damages only are recoverable for the breach of a contract as 'naturally and proximately' result therefrom. Nor will the fact that such contract is breached with willful or fraudulent intent alter this established standard for assessing damages or permit the allowance of punitive damages."

It is the contention of the appellant that the complaint states either a cause of action *ex delicto,* based on fraud and deceit, or that it states a cause of action for fraudulent breach of the contract of employment, with a fraudulent act accompanying the breach. She does not undertake to say that the character of the action is one or the other. Her

position is that if it is either, punitive damages are recoverable, and that the lower Court was in error in striking out the allegations above referred to, and which it is contended are appropriate to the maintenance of an action for punitive damages in a case founded on or arising out of contract. Implicit in the stated positions of the appellant is the contention that she is not required to elect at this time whether she will proceed on the theory of an action for fraud and deceit or on the theory of an action for fraudulent breach of contract accompanied by a fraudulent act.

Since the respondent did not move to require the appellant to elect, we are not concerned with the question whether such a motion would lie and we think that in passing upon the correctness of the order of the Circuit Court it is our duty to give the appellant the benefit of a construction of her complaint which would entitle her to maintain the action as one for punitive damages, if the allegations of the complaint are appropriate to the construction so adopted.

It is our opinion that the complaint in this case embraces a statement of a cause of action for fraud and deceit, and that the stricken allegations are appropriate to the statement of such a cause of action.

In the case of *Flowers v. Price,* 190 S. C. 392, 3 S. E. (2d) 38, 39 (quoting from 26 C. J. at page 1062), this Court states the elements of an actionable fraud as consisting of the following:

"(1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) his intent that it should be acted upon by the person; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury." See also 37 C. J. S., Fraud, § 3.

This definition has been repeated in subsequent cases. See, for example, *Culbreath v. Investors Syndicate,* 203 S. C. 213, 26 S. E. (2d) 809, 147 A. L. R. 1144.

We think that the complaint contains allegations which bring the case within the above quoted statement of the elements of a cause of action for fraud and deceit. Paragraph Six of the complaint as quoted above discloses representations by the respondent, the falsity of such representations, their materiality in inducing the appellant to enter into the alleged contract, the speaker's knowledge of their falsity, the hearer's ignorance of their falsity, the appellant's reliance upon the truth of respondent's representations, appellant's right to rely on the same, and the consequent and proximate injury sustained by the appellant as the result of the alleged fraud practiced upon her in inducing her to give up her employment and to enter into the employment of the respondent.

We are not concerned with the question whether the alleged contract of employment is for at least a term of one year, as apparently appellant assumes, or whether it was for a shorter definite period, or one terminable at the respondent's will. No such issues were presented to or relied upon in the lower Court; nor are they presented by counsel on either side on this appeal. We are dealing only with the sufficiency of the complaint as stating a cause of action for fraud. Whether the appellant can make out such a case by testimony, within the rules above stated, is a question that can be decided only by a trial on the facts.

It is true, as contended by respondent, that where fraud is charged, the facts constituting the alleged fraud must be set out in the complaint; that allegations merely to the effect that a contract has been violated do not give rise to an action for punitive damages, even where the violation is alleged to have been willful, intentional, or fraudulent; and that ordinarily, in actions on contract, allegations appropriate to the recovery of punitive damages, and containing no factual matter constituting legal fraud, will be stricken as irrelevant and redundant.

But these principles and the cases supporting them have no application here.

The cases upon which the respondent relies, and also those cited in the order of the Circuit Judge, are in the main actions in which this Court held in effect that punitive damages are not recoverable in an action for breach of contract, unless the factual matter contained in the complaint shows the two separate elements of a breach of contract and a fraudulent act accompanying the breach. None of such cases involve the question whether the complaint stated a cause of action for fraud and deceit going back to the inception of the contract, leading the plaintiff to enter into it upon fraudulent misrepresentations, with resulting loss and damage to the plaintiff that must have been foreseen by the defendant and to have been caused by him with a fraudulent disregard of the rights of the plaintiff.

For example, in the case of *Hall v. General Exchange Insurance Corporation, supra,* the conclusion of this Court was that on the facts stated in the complaint, the plaintiff was in effect claiming punitive damages for the mere failure of the defendant to pay a debt, though such failure was described as willful, wanton, and with intent to defraud. But as we went on to say in the case cited, the complaint did not allege any intent to defraud in the making of the contract; there was deducible from the complaint the claim that there was an intent to defraud on the part of the defendant in respect to the breach of the contract, but the action having been construed to be one for breach of contract accompanied with a fraudulent act, it was not sufficient to allege merely a fraudulent intent in connection with the breach; there must be in such cases a fraudulent act accompanying the breach.

In the case of *Holland v. Spartanburg Herald-Journal Co., supra,* which was an action for breach of an employment contract, the same principles were discussed and the same conclusions reached. In that case, the breach of the contract was alleged to have been made "with evil and

malicious intent", and "willful and malicious disregard of plaintiff's right under the contract" and "fraudulently"; and the actions of the defendant were characterized generally as fraudulent. A motion to strike said allegations from the complaint as irrelevant was held to have been properly granted by the Circuit Court, since the substance of the complaint merely was an action for breach of contract, without any fraudulent act accompanying the breach. Similar considerations controlled the decision in the case of *Lilienthal v. South Carolina Public Service Co., supra.*

The misapprehension under which the Circuit Judge labored in granting the motion to strike lies in his reliance upon the principles frequently stated by this Court in a long line of cases beginning with *Welborn v. Dixon,* 70 S. C. 108, 49 S. E. 232, 3 Ann. Cas. 407, wherein it has been consistently held that where the complaint states a cause of action for breach of contract, allegations charging the defendant with a fraudulent intent or purpose in breaching the contract do not give rise to a right to recover punitive damages; that such damages are recoverable only where, in addition to or independently of the fraudulent intent that brought about the breach, there was some fraudulent act on the part of the defendant accompanying the breach.

A typical illustration of the application of this principle is found in the case of *Branham v. Wilson Motor Co.,* 188 S. C. 1, 198 S. E. 417. In this case the plaintiff alleged that in connection with his contract with the defendant for the purchase of an automobile, the defendant agreed to insure the car for its cash value against collision, and collected from the plaintiff the cost of such insurance, but that the defendant did not in fact insure the car. It was charged that subsequently the car was damaged in a collision resulting in a loss to the plaintiff which under the contract with the defendant should have been covered by collision insurance. The suit was for actual and punitive damages. A motion to strike the allegations relating to punitive damages ·was

granted by the Circuit Court and sustained by this Court. In that case the allegations upon which the plaintiff relied to support his claim for punitive damages were as follows:

"Defendant had no intention of carrying out the said agreement at the time of entering into it and thereafter failed to carry it out, and retained the premium paid by plaintiff for its own use with the intent and for the purpose of cheating and defrauding plaintiff.

"As a result of the foregoing agreement by defendant to insure plaintiff's automobile and to pay for it out of the sum retained, and defendant's failure to carry out the agreement and its retention of the amount of money charged plaintiff for collision insurance constitutes a fraudulent breach of contract on the part of the defendant; and that as a result of the aforesaid wilful, wanton, fraudulent, malicious, unlawful and immoral acts of the defendant, plaintiff has been damaged $150.00 actual and $2,850.00 punitive damages."

The complaint was construed to be one for breach of contract accompanied by a fraudulent act; but this Court concluded that while the complaint alleged a breach of contract with fraudulent intent, it failed to allege a fraudulent act accompanying the breach and that accordingly punitive damages were not recoverable.

Cases of this character are to be distinguished from cases in which, as here, the complaint sets forth not merely the making of a contract, and the breach thereof with a fraudulent intent (as distinguished from a fraudulent act), but goes further and alleges within the rules laid down in *Flowers v. Price, supra,* fraudulent representations and inducements made to another for the purpose of leading the latter to enter into a contract which there was no intention to fulfill, but which was intended to be used to the defendant's profit and to the plaintiff's injury.

Here we have more than the making and breach of a contract with fraudulent intent; we have all of the elements of a fraud perpetrated not by way of a breach of contract, but by way of a fraudulent scheme to bring about the making of a contract. This is the characteristic of an action for fraud and deceit, as distinguished from an action for breach of contract with fraudulent intent, accompanied by a fraudulent act. *Cook v. Metropolitan Life Ins. Co.*, 186 S. C. 77, 194 S. E. 636, 639; *Page v. Pilot Life Ins. Co.*, 192 S. C. 59, 5 S. E. (2d) 454, 125 A. L. R. 872.

It would be a sad commentary upon the law if proof of the allegations of the present complaint did not constitute actionable fraud, as distinguished from mere actionable breach of contract.

Even if it be true (though on this point we need reach no conclusion) that the complaint fails to set forth a cause of action for punitive damages for fraudulent breach of contract accompanied with a fraudulent act within the purview of the cases on that subject above cited, we are satisfied that a cause of action for fraud and deceit is deducible from the complaint; that the allegations stricken by the order of the Circuit Court are appropriate to the maintenance of such an action; and that the damages which the appellant alleges she sustained are such as the respondent must be held to have contemplated or foreseen as the natural and probable consequences of his alleged fraud.

The order of the Circuit Court is reversed, and the case remanded thereto, with leave to the respondent to further plead to the complaint within twenty days from the filing of the remittitur herein in such manner as he may be advised.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.