16887

WHITE v. FELKEL *ET AL.*

(82 S. E. (2d) 813)

*Messrs. Charles & Charles,* of Greenwood, *for Appellants,*

454

*Messrs. J. Fred Buzhardt,* of McCormick, and *W. H. Nicholson,* of Greenwood, *for Respondent,*

July 1, 1954.

TAYLOR, Justice.

This appeal arises out of an action brought in the Court of Common Pleas for McCormick County for specific performance of a contract for the sale of timber and the damages which were alleged to have resulted from defendants' failure to perform said contract. This Court ordered specific performance, *White v. Felkel,* 222 S. C. 313, 72 S. E. (2d) 531, and the case was thereafter docketed on Calendar 1 of the Court of Common Pleas for McCormick County with Respondent giving notice of intention to try the issues as to damages flowing from the defendants' failure to perform. Whereupon Appellants served notice that they would move to strike the case from the docket and for its dismissal on the grounds that all of the issues had been finally adjudicated in the aforesaid decision. After hearing arguments, the presiding Judge in his Order dated April 2, 1953, refused the Appellants' motion that the case be dismissed and stricken from the docket; hence this appeal wherein Appellants contend that Respondent may either bring an action in equity for specific performance or sue the vendor at law for damages but that he cannot do both and having sued for specific performance he is now precluded from seeking damages for the breach of such contract.

In *Culler v. Hydrick,* 162 S. C. 253, 160 S. E. 731, 733, it was held that a purchaser may seek either a specific performance or damages for breach of a land sale contract; that a recovery of real estate in a suit for specific performance of sale contract precludes the recovery of general damages for breach of such contract; but that one may not only recover such special damages as might naturally and proximately flow from the breach of the contract but may also recover punitive damages if the refusal to convey was accompanied by a fraudulent act. The Court using the following language stated:

"Where the vendor refuses to perform a contract for the sale of land, a case is presented for election, not of remediable rights, but of remedies, and the vendee may seek either specific performance in equity or damages at law for the breach.

If he invokes the latter remedy, the measure of general damages is the difference between the contract price of the land and its value on the date fixed for the performance of the contract, together with any payments already made; he may also recover special damages which are the natural and proximate result of the vendor's breach of the contract, such as, for instance, the rental value of the property for the period of its unlawful detention. 27 R. C. L. 631, 636; 39 Cyc. 2111—15.

"But in the case at bar, the plaintiff seeks specific performance of the contract in equity, and prays actual and punitive damages on account of alleged concurrent, willful, wanton, and fraudulent acts of the defendants; the conveyance of the lots by Hydrick to Etheredge, the retention of part of the purchase price already paid, and the attempt to deprive him of the title to and use of the property. If specific performance is decreed, the only 'actual' damages recoverable would be the 'special damages' already referred to; specific performance and general damages at law for the breach of the contract being alternative remedies. Whichever remedy may be invoked, the plaintiff would be entitled, in addition, to punitive damages, in accordance with the general rule relating to breach of contract, if it is alleged and proved that the breach was fraudulent. Damages arising out of fraud in the breach of the contract differ in kind and measure from those general damages resulting from the vendor's mere refusal to perform the contract of sale. The two causes of action, if pleaded, are not inconsistent, if they both arise out of the same transaction, or transactions connected with the same subject of action; and the doctrine of election of remedies in such case would not apply as between them. If the defendants committed a fraud upon the plaintiff to his injury, the law supplies a remedy. This court does not now decide whether the complaint in this case states a cause of action for punitive damages for fraudulent breach, as that question is not before us. If specific performance is decreed, the defendants may then have the trial court determine, as provided by statute, whether the complaint states such a cause of action; and, if it is de-

cided that such cause of action is stated, the plaintiff may have a determination, on the law side of the court, of the question of punitive damages."

In *Spencer v. National Union Bank of Rock Hill,* 189 S. C. 197, 200 S. E. (2d) 721, this Court stated:

"Plaintiff seeking specific performance of contract to reconvey land conveyed by him to defendant cannot also recover damages specifically claimed for breach of contract with respect to such reconveyance."

To like effect is *Hursey v. Surles,* 91 S. C. 284, 74 S. E. 618, and in *McMahan v. McMahon,* 122 S. C. 336, 115 S. E. 293, 295, 26 A. L. R. 1295, we find:

"When either party to a contract for the sale of land has failed in his obligation, the other is entitled to the alternative remedy of specific performance in equity or damages at law. They are not inconsistent remedies, for they each recognize the validity of the contract, and are based upon the identical state of facts, the existence of the contract and its breach. As between themselves they cannot be said to be consistent, for one seeks to secure the title to the land and the other proposes to leave the title with the other party and have compensation and damages." See also *Singleton v. Cuttino,* 107 S. C. 465, 92 S. E. 1046; *Hodges v. Bank of Columbia,* 130 S. C. 115, 125 S. E. 417; *Walker v. McDonald,* 136 S. C. 231, 134 S. E. 222.

There is no question but what the foregoing is well established law. Therefore, the complaint must be construed in such a way as to determine whether or not the damages prayed for might be classed as special rather than general. Paragraph 4 of the Complaint appears as follows:

"That Plaintiff had refused to enter into any other contract to saw or purchase timber because of his intention to move his sawmill and crew on to the lands hereinabove described and now has no place to which he can move his sawmill, no timber to cut and no work to give his regular em-

ployees; because of Defendant, F. W. Felkel's refusal to comply with his contract, Plaintiff has been damaged in the sum of one thousand ($1,000.00) dollars, and, in addition thereto, is being damaged at the rate of at least two hundred ($200.00) dollars for each month's delay this Plaintiff may suffer hereafter because of the failure of Defendant, F. W. Felkel, to comply with his agreement."

It is conceded that this paragraph standing alone is not sufficient to allege knowledge of special circumstances. However, the Complaint further alleges that Appellant, Felkel, "sold and agreed to convey to K. E. White all saw timber measuring 6 inches across standing on the property" which approximated 770 acres in three tracts and that White was "to have one year in which to remove said timber." It is, therefore, obvious that the parties contemplated a transfer of lands and titles as soon as the titles could be cleared, that time was of the essence of the contract and Appellant knew or should have known that to remove the timber from such a large acreage would require Respondent to be prepared to commence cutting operations with a considerable crew without delay in order to accomplish the cutting as contemplated under the contract.

A general statement applicable to the situation here is found in 7 A. L. R. (2d) 1206, under the heading "Specific Performance: Compensation or damages awarded purchaser for delay in conveyance in land":

"The compensation awarded as incident to a decree for specific performance is not for breach of contract and is therefore not legal damages. The complainant affirms the contract as being still in force and asks that it be performed. He cannot have it both ways, performed and broken. The situation is simply that, if the Court orders it to be performed, the decree must as nearly as possible order it to be performed according to its terms, and one of those terms is the date fixed by it for its completion. This date having passed, the Court, in order to relate the performance back to it, equalizes any losses occasioned by the delay by offsetting them

with money payments. Often the result is more like an accounting between the parties than like an assessment of damages."

And under Specific Performance, 49 Am. Jur. 198, Sec. 174, appears the following:

"Equity may, when its jurisdiction is invoked to obtain the specific enforcement of a contract, not only award damages in lieu of a decree of specific performance when the plaintiff has made out an equitable case for intervention but performance has become impossible or impracticable, but may, when decreeing specific performance award damages or pecuniary compensation to the plaintiff along with specific performance when the decree as awarded does not give complete and full relief. This is a further outgrowth of the right long exercised by equity courts of adjudicating all matters properly presented by and actually involved in the case at hand, when jurisdiction is once assumed on equitable grounds. Thus, a court of equity, having jurisdiction for the purpose of specifically enforcing performance of a contract, has full jurisdiction, in addition to decreeing specific performance, to award such legal damages as have resulted from delay in the performance of the contract, as, for example, for loss of rents and profits resulting from delay in the conveyance of land, or business loss resulting from delay in the defendant's performing the contract."

In *Spencer v. National Union Bank of Rock Hill, supra,* this Court after discussing general damages states:

"But this does not mean, that should specific performance be invoked and decreed, that the plaintiff may not recover any 'special damages' to which he may be entitled."

And in *Taylor v. Highland Park Corporation,* 210 S. C. 254, 42 S. E. (2d) 335, 339, it is stated that:

" 'A court of equity, when it acquires jurisdiction in a claim made for specific performance, can retain jurisdiction, and adjudicate all of the legal rights of the parties to the suit in conformity with justice, equity, and good conscience. The

court is bound to see that complete justice is done to the parties before the court.' *Bull v. Fallaw,* 109 S. C. 306, 96 S. E. 147, 148."

In *White v. Felkel, supra* (222 S. C. 313, 72 S. E. (2d) 532), we find that:

"It was agreed before the Special Referee by counsel for all parties that the question of damages would not be considered by him, but left for determination by a jury should such become necessary.'"

Construing the complaint liberally in favor of the plaintiff as we are bound to do upon motion to dismiss we are of the opinion that the Order refusing to dismiss should be affirmed and It Is So Ordered. However, no opinion is expressed as to the elements or extent of damages which may be recoverable by the respondent, if any be awarded by the trial court. Remanded.

STUKES and OXNER, JJ., and T. B. GRENEKER, Acting Associate Justice, concur.

BAKER, C. J., not participating.