## 18540

John M. HINDS, Respondent, v. UNITED INSURANCE COMPANY
OF AMERICA, Appellant

(149 S. E. (2d) 771)

286

*Messrs. Levi & Wittenberg,* of Sumter, *for Appellant,*

*Messrs. Grimes & Hinds,* of Georgetown, *for Respondent,*

July 27, 1966.

BUSSEY, Justice.

In this action *ex delicto,* the plaintiff-respondent seeks to recover damages from the defendant-appellant resulting from the alleged negligence of appellant in the handling of applica-

tion by respondent for insurance. The appeal is from an order of the lower court overruling appellant's demurrer to, and refusing a motion to strike certain portions of the complaint.

Summarized, the facts stated in the complaint are as follows. About January 1961, appellant solicited and obtained from respondent an application for a policy of health and accident insurance which was issued. Thereafter, about December 1, 1961, appellant solicited respondent's application for a more comprehensive policy, which included a retirement provision, to replace the policy first issued. Upon the issuance of this second policy, the first was canceled. Thereafter, respondent discovered that the second policy was actually not in accordance with his understanding thereof at the time he applied for it, and after making two or three quarterly payments thereon, he allowed this second policy to lapse some time during the year 1962. In either December 1962 or January 1963, appellant's agent advised that respondent could reinstate the policy first issued if he did so before March 15, 1963, it being alleged that the agent knew or should have known that such statement was not true. The said agent subsequently, on February 19, 1963, took respondent's application for reinstatement of the first policy, together with respondent's check in the amount of $40.50, in payment of the first quarterly premium on the policy to be reinstated. Respondent assumed that such policy had been reinstated, until July 23, 1963, when he was advised by another of appellant's agents that the time for reinstatement had expired prior to the application on February 19, 1963, and that respondent would have to apply for a new policy and pay an additional premium. On that date, July 23, 1963, respondent applied for the new policy, gave to the agent an additional check in the amount of $12.50, which check, together with the February check in the amount of $40.50, was cashed by the appellant on July 31, 1963. The new policy applied for was not issued, however, until September 25, 1963, and that policy con-

tained a provision excluding coverage for any heart attack occurring within six months after the issuance thereof. On March 20, 1964, the respondent suffered a heart attack for which he would have received benefits, but for the fact that such attack occurred five days before the new policy had been in effect for six months. It is further alleged that the respondent would have had coverage at the time of his heart attack but for the negligent, reckless, willful and wanton acts on the part of the appellant and its agents in misleading respondent into believing that the original policy could be reinstated and that it had been reinstated; and in failing to accept or reject his application for reinstatement, as well as his application of July 23, 1963, within a reasonable time. Both actual and punitive damages in the amount of $10,000 were prayed for.

The exceptions of the appellant are several. There is considerable overlap between appellant's arguments in support of its demurrer and its arguments in support of its motion to strike, and for this reason we shall not attempt to deal with them separately, but will endeavor to dispose of all the questions raised.

What we deem to be the primary contention of the appellant, is its assertion that the facts alleged do not give rise to a cause of action *ex delicto*. No case directly in point on the facts has been cited or come to our attention. In principle, however, we do not see where the instant case can be soundly distinguished from the case of *Tobacco Redrying Corp. v. United States Fidelity & Guaranty Co.*, 185 S. C. 162, 193 S. E. 426. In that case the insurer was held liable for the negligence of its agent in failing to forward an application to the company. The applicant for insurance was allowed to recover for a loss sustained by it, as to which it was not covered, and as to which it would have been covered, but for the negligence of the agent. It is, of course, true that a policy was eventually issued in the instant case, whereas no policy was issued in the cited case, but the cases are idential in that under the allegations of the complaint

in the instant case the respondent sustained a loss, as to which he had no coverage, and as to which he would have had coverage but for the negligent, willful and wanton conduct of the appellant. It is thus apparent that the gravemen of respondent's complaint is the same as the gravamen of the complaint in the cited case.

As pointed out by the appellant, the decisions from other jurisdictions are not unanimous on the question of whether an insurer may be liable in tort for damages resulting from negligent delay in acting upon an application for insurance. See 29 Am. Jur. 593, Insurance, Sec. 204; 15 A. L. R. 1029; 75 A. L. R. 955; 32 A. L. R. (2d) 511. The cited annotations will reflect that other jurisdictions are approximately evenly divided on the question, but we think that the better reasoned decisions are in complete accord with the rationale of our own decision in *Tobacco Redrying Corp. v. United States Fidelity & Guaranty Co., supra.*

While various reasons have been advanced for either allowing or denying a recovery, one of the principal reasons advanced in support of the allowance of a recovery is the fact that, as stated by Appleman in Insurance Law and Practice, Vol. 12, Sec. 7226.

"The business of insurance is affected by public interest, the insurer being bound to furnish the indemnity which the state has authorized it to issue, or to decline to do so within such a reasonable time as will enable the applicant to act intelligently upon rejection. * * *

"The more liberal, and probably the better rule, is to the effect that an insurance company obtaining an application for insurance is under a duty to accept it or reject it within a reasonable time, and is liable if it delays unreasonably in acting thereon."

The jurisdictions which deny recovery for negligence with respect to an application would appear to either not recognize, or else not give effect to, the principle that the insurance business is affected with a public interest.

In this jurisdiction it has long been recognized that insurance is a business affected with a public interest. See *La Tourette v. McMaster,* 104 S. C. 501, 89 S. E. 398. In the opinion in that case the court, speaking of insurance agents and brokers, said,

"It is important for the protection of the interests of the people of the state that the business should be in the hands of competent and trustworthy persons. * * * Moreover, they are required to exercise due care in placing insurance, and would be personally liable for the neglect of that duty."

While not dealing with the precise controversy we have here, a number of our decisions have recognized the duty owed by an insurer and its agents to an applicant to avoid representations which would mislead the applicant to his detriment, and at the same time handle the application with care and without unreasonable delay. See *Ward v. Liberty Life Ins. Co.,* 232 S. C. 582, 103 S. E. (2d) 48; *Keller v. Provident Life and Accident Ins. Co.,* 213 S. C. 339, 49 S. E. (2d) 577. In the last cited case it was said,

"Upon the filing of an application, it is the duty of the insurer to act upon it with reasonable promptness and, in the meantime, to refrain from doing anything reasonably calculated to mislead the applicant."

In the instant case, we think the complaint clearly and fully alleges delicts by the appellant in the legal duties it owed respondent, and that as a result of such delicts, respondent has been damaged. It follows that the complaint states a cause of action.

Appellant contends that even if the complaint otherwise states a cause of action, the demurrer should still have been sustained on several grounds. One argument is that respondent has either waived or become estopped to assert his rights by virtue of having accepted the new policy finally issued on September 25, 1963. It is patent, we think, that the acceptance of such policy did not bring into

play the essential elements of estoppel. Waiver, of course, involves the intentional relinquishment of a known right. However negligent, reckless, willful or wanton the appellant may have been, such conduct would not give rise to a cause of action in the absence of damage to the respondent. When respondent accepted the new policy, he had then sustained no damage and had no cause of action, so that there was at that time no known enforceable right which he could waive. Appellant urges that an act of God, to-wit: the heart attack sustained by the respondent, was the proximate cause of any damage sustained by the respondent. Such contention is patently without merit. The allegations of the complaint are to the effect that the respondent's financial damage resulted from having no coverage and that no coverage resulted from the acts of the appellant.

Appellant asserts that all allegations of the complaint as to facts occurring prior to July 23, 1963, the date of the last application, should have been stricken from the complaint, on the ground that all such happenings were negotiations between the parties and merged into the contract of insurance which was eventually issued on September 25, 1963. The simple answer to this contention is that the facts sought to be stricken, which support a cause of action, were not truly negotiations between the parties, the complaint alleging, instead of negotiations, negligent, willful and wanton inaction and misrepresentations on the part of the appellant.

Another contention of the appellant is that the demurrer should have been sustained on the ground that the complaint shows on the face thereof that respondent was guilty of contributory negligence. There is ample authority for the proposition that a complaint based upon negligence is demurrable if it states facts from which plaintiff's contributory negligence must be inferred. On the other hand, if the facts stated do not conclusively show contributory negligence, or may support an inference to the contrary, then the question of contributory negligence

becomes a jury question. See *Cooper v. Atlantic Coast Line R. Co.*, 69 S. C. 479, 48 S. E. 458, and cases therein cited. We see no facts in the instant complaint from which any contributory negligence on the part of the respondent must be inferred, as a matter of law. Even assuming that the complaint shows the respondent to be contributorily negligent, simple contributory negligence on his part would not defeat a recovery, if the conduct of the appellant was willful and wanton as alleged by the respondent.

Finally, appellant contends that any recovery on the part of the respondent should be limited to actual damages, and that in no event could appellant be held liable for punitive damages. Appellant's contention in this respect is based on statements in several cases as to the measure of actual damages in cases of this kind, the well established rule being that the measure of actual damages is the amount of money which the applicant would have been entitled to, had he had the coverage which he did not have as a result of the delict of the insurer. No similar case has come to our attention wherein punitive damages were even sought, and no punitive damages being sought, the courts were, of course, only concerned with the measure of actual damages. We know, however, of no sound reason for holding that the tort alleged in the complaint in this action should be governed by a rule different from that applicable in other tort actions. It is, of course, elementary that a tort committed in a willful and wanton manner entitles a complainant in this jurisdiction to exemplary or punitive damages. The facts alleged in the complaint clearly give rise to the inference that the conduct on the part of the appellant was willful and wanton, as alleged by the respondent.

The exceptions of the appellant are, we concldue, without merit, and the judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J. and Lewis and Brailsford, JJ., concur.

Lionel K. Legge, Acting J., dissents in part

LIONEL K. LEGGE, Acting Justice (dissenting in part):

I agree that the complaint here was not demurrable; but I do not agree that it stated facts entitling the plaintiff to recover punitive damages.

At the foundation of the plaintiff's case lay the obligation of the defendant company to insure his health in consideration of the premium paid, and to issue a proper policy of insurance with reasonable promptness. That obligation was a contractual one; and I do not here question the plaintiff's right, upon its negligent or wilful breach, to waive the contract and sue in tort.

Punitive damages are not recoverable in an action for breach of contract unless such breach was accomplished with fraudlent intent and accomplished by a fraudulent act. *Harwell v. Mutual Benefit Health & Accident Ass'n,* 207 S. C. 150, 35 S. E. (2d) 160, 161 A. L. R. 183; *Smyth v. Fleischmann,* 214 S. C. 263, 52 S. E. (2d) 199; *White v. Felkel,* 225 S. C. 453, 82 S. E. (2d) 813. Acts of wilfulness will not support an allowance of punitive damages in such an action. *Holland v. Spartanburg Herald-Journal Co.,* 166 S. C. 454, 165 S. E. 203, 84 A. L. R. 1336. Wilful and unjust failure to perform a contract does not necessarily connote fraud; bad faith is the test. *Ex parte Hollman,* 79 S. C. 9, 60 S. E. 19, 21 L. R. A., N. S., 242, 14 Ann. Cas. 1105.

It would appear logical, therefore, that where the conduct complained of would give rise to a cause of action *ex contractu* or *ex delicto* at the aggrieved party's choice, his claim for punitive damages in tort should have the same factual basis that would be required had he sued for breach of contract. Herein, I think, lies sound distinction between allowance of punitive damages in tort actions for wilful injury to person or property, and in actions such as the present one; and here, too, may be a reasonable explanation of the fact alluded to in the majority opinion, that in no case of this kind that has come to the court's attention have punitive damages been sought.

The delicts alleged in the complaint here are: (1) a statement made to the plaintiff by the insurer's agent in December, 1962 or January, 1963, that the plaintiff could reinstate the policy that had been issued to him in January, 1961, and that had been cancelled, provided he would apply for reinstatement, before March 15, 1963,—which statement the agent knew or should have known was false; (2) delay from February 19, 1963, when plaintiff applied for reinstatement of the policy and paid the required premium, until July 23, 1963, before informing him that the time for applying for reinstatement had expired prior to February 19, 1963; and (3) delay from July 23, 1963, when plaintiff applied for a new policy and paid the additional premium required, until September 25, 1963, before issuing the new policy.

It is alleged that by reason of the agent's statement in December, 1962 or January, 1963, to the effect that reinstatement could be obtained up to March 15, 1963, upon which plaintiff relied, plaintiff assumed, from February 19 to July 23, 1963, that the first policy had been reinstated. But there is no allegation that the agent's statement was made with intent to deceive; there is no allegation of fraudulent intent; no fraudulent act is alleged; no cause of action for fraud and deceit is deducible from the complaint—Cf. *Smythe v. Fleischmann, supra.*

If the allegations of the complaint are established by proof, of course the plaintiff would be entitled to recover all damages that he has sustained as the result of the alleged delicts. But I am unwilling to approve the allowance of punitive damages under the allegations here, and therefore in any such action in which a plaintiff, electing to waive his right to sue for breach of contract and suing instead in tort characterizes the defendant's delict as wilful. Precedent for such holding is apparently lacking; its probable consequences are somewhat disturbing.