[Civ. No. 35097. Second Dist., Div. Four. Sept. 18, 1970.]

LAWRENCE E. DOBBINS, Plaintiff and Appellant, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

COUNSEL

Ellis J. Horvitz for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, John A. Daly, Bourke Jones and Jack L. Wells, Assistant City Attorneys, and John R. Rice, Deputy City Attorney, for Defendants and Respondents.

## OPINION

**JEFFERSON, J.**—The position of Lawrence E. Dobbins as a police officer with the Los Angeles Police Department (the Department) was terminated on grounds of physical unfitness. Dobbins attempted to compel his reinstatement and here appeals the trial court's decision affirming the propriety of the administrative action.

Dobbins on September 24, 1964, after completing a one-year probationary period and one additional year of active police service, was injured in an off-duty automobile accident. He returned to duty on February 8, 1965, and thereafter satisfactorily performed the full time limited service to which he was assigned until the date of his suspension. On June 27, 1966, Dobbins was temporarily suspended from police service on the ground that he was physically unfit. He filed a claim for damages and the Department, pursuant to city charter section 202, convened a board of rights to consider the validity of Dobbins' suspension. The board of rights, after hearing on July 19, 1966, issued its decision finding Dobbins physically unfit to perform the duties of a policeman and ordered that his position be terminated. The board of civil service commissioners refused to reverse that decision and Dobbins' request to the chief of police for rehearing and reinstatement was denied.

The matter was heard by the trial court on Dobbins' petition for writ of mandate. The court concluded that the Department's policy of continuing on restricted duty a police officer qualified for a disability pension and terminating the employment of a disabled officer unqualified for such pension does not constitute an unconstitutional discrimination. The trial court further found that the city charter section 202, pursuant to which the board of rights acted, is not unconstitutionally vague and that the provisions thereof were not applied to Dobbins in an unconstitutional manner.

Dobbins contends that since he was employed by the Department for a total period of almost four years (including only two years of full time unlimited service) his right to continued employment is a substantial prop-

erty right of which he may not be arbitrarily deprived (city charter, § 202(1)). ■ It is established, however, that physical disability constitutes sufficient cause for removal of a fireman or policeman. (*Hostetter* v. *Alderson* (1952) 38 Cal.2d 499, 503 [241 P.2d 230]; *O'Neal* v. *City etc. of San Francisco* (1969) 272 Cal.App.2d 869 [77 Cal.Rptr. 855].) The language of section 202 of the city charter is the same as the language used in section 135 of the city charter, except that section 135 applies to firemen, and that language was construed to be applicable to a proceeding for the discharge of a fireman for a non-service connected disability. (*Hostetter* v. *Alderson, supra,* p. 499.)

■ Neither is section 202 unconstitutionally vague, nor was it unconstitutionally applied to Dobbins as he asserts. ■ Although the applicable standards of physical fitness are not written into the regulations, substantial evidence in the administrative record supports the charge of physical unfitness.[1] There was evidence describing the extent of Dobbins' physical impairment, the duties of police officers, and the standards of physical fitness for acceptable applicants for police service. There was expert opinion that Dobbins could not meet the physical standards requisite to the performance of the regular duties of a policeman. ■ The appellate court is limited, as was the trial court, to a determination of whether there is substantial evidence in the administrative record to support the administrative decision. (*Thompson* v. *City of Long Beach* (1953) 41 Cal.2d 235 [259 P.2d 649]; *Jenner* v. *City Council* (1958) 164 Cal.App.2d 490, 499-500 [331 P.2d 176].)

Dobbins next contends that he has been denied equal protection of the law under city charter, section 202. It is elsewhere provided by the city charter that a policeman disabled by an off-duty injury shall be entitled to a disability pension only if he has then completed five years of police service. The evidence disclosed that the Department makes an effort to reassign such disabled officers to limited duty which they are able to perform. Policemen who are not eligible for a disability pension because their disabling off-duty injury was incurred before the completion of five years of service are promptly terminated.

■ The record shows that the Department does not have enough "light" positions to enable it to continue employment even of all disabled officers entitled to pensions. Under these circumstances, to retain only the more experienced officers, and to receive some service for the public monies, is

---

[1]Whether or not the evidence shows physical unfitness meeting the standards of *Mansperger* v. *Public Employees' Retirement System,* 6 Cal.App.3d 873 [86 Cal.Rptr. 450]. is not before us in this appeal, because no such issue was raised in the administrative proceedings or in the trial court.

not an arbitrary or an unconstitutional distinction. (*O'Neal* v. *City etc. of San Francisco, supra,* at pp. 987-988.)

Since the trial court properly determined that the action of the board of rights in terminating Dobbins' employment as a police officer was valid and constituted no deprivation of his constitutional rights, it is unnecessary to consider his further contention relating to the finding of laches.

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 10, 1970.