## Norman P. Gadue v. Village of Essex Junction and Kenneth G. Greer

[336 A.2d 182]

No. 122-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed April 1, 1975

*Hoff, Curtis, Bryan, Quinn, Jenkins, Inc.,* Burlington, for Plaintiff.

*Ewing & Spokes,* Burlington, for Defendant.

**Daley, J.** Norman P. Gadue brought suit against the Village of Essex Junction and Kenneth G. Greer, village manager, seeking restoration to his position as a commissioned police officer and compensation for wages and benefits lost as a result of defendants' refusal to allow him to return to his employment following surgery for organic heart disease. The complaint states that Gadue's own physician had certified on November 1, 1973, that he was able to resume work, but that he was required to submit to a further physical examination conducted by a doctor selected by the village. The complaint further alleges that this physician concluded that Gadue had

abnormally high blood pressure and that as a result thereof Gadue was wrongfully prevented from returning to his job. All of this, Gadue claims, was done without cause and without a hearing in contravention of his civil rights.

Informal hearings were conducted before the Chittenden Superior Court, but no witnesses were called. At the close of the second hearing, the court below concluded that the village was without authority to dismiss a police officer for physical disability. The court ordered Gadue reinstated with all back pay and benefits from November 1, but later stayed the order pending appeal. This Court subsequently vacated the stay order, and Gadue is presently employed as a police officer for the village.

Because of the manner in which the case was disposed of below, only one issue is presented for our appellate consideration. Does the Village of Essex Junction have the authority to dismiss a police officer for physical disability? The court below, finding no specific authorization to this effect in either the Vermont statutes or the personnel rules of the village, concluded that such authority does not exist. The court was persuaded that the village was restricted by its own rules because the Legislature "clearly intended that the various municipalities adopt procedures whereby these matters could be taken into consideration." It should be pointed out, however, that while 24 V.S.A. § 1121 empowers municipalities to adopt personnel regulations, this authority is conveyed through the permissive "may" and should not be read as necessarily restricting a village's dismissal power to local rules which it may or may not adopt.

More importantly, *both* 24 V.S.A. § 1931 and the village's personnel rules provide for removal for "cause". The more precise question, therefore, is whether "cause" may be interpreted to include physical disability. We do not hesitate to answer this question in the affirmative. The discharge of public employees physically or mentally unable to perform the duties of their offices has been upheld in numerous decisions. *See* Annot., 28 A.L.R. 777 (1924). And two recent California decisions have specifically held that physical disability is "sufficient cause" for removal of a policeman. *Dobbins* v. *City of Los Angeles*, 11 Cal.App.3d 302, 89 Cal. Rptr. 758 (1970);

*O'Neal* v. *City and County of San Francisco*, 272 Cal.App.2d 869, 77 Cal. Rptr. 855 (1969). But we need not base our decision entirely on related case law from other jurisdictions. The detriment to the public which would result from the lack of authority to discharge a physically disabled policeman is itself a sound basis for concluding that physical disability may be "cause" for dismissal. Denial of this authority would constitute an unreasonable result which we will not presume that the Legislature intended. *In re Preseault*, 130 Vt. 343, 292 A.2d 832 (1972).

■ Our disposition of this appeal is limited to the single issue properly before us at this time. We hold only that the court below erred in concluding as a matter of law that the village was without authority to remove a police officer for physical disability. Whether this plaintiff is physically disabled so as to warrant his removal for cause is a mixed question of law and fact which can only be determined upon full hearing in the superior court. Since no evidentiary hearing was held upon this issue and other issues raised by the pleadings, this matter must be remanded for further proceedings.

*Paragraphs one and two of the orders of Judge Dier dated May 29, 1974, remain in effect until final disposition of this cause or further order of this Court. So much of the judgment order that denies the right of the Village of Essex Junction to discharge the plaintiff is reversed in accordance with the views expressed in this opinion, and the cause is remanded for hearing.*