1427

Lenwood D. VAUGHT, Appellant v. Paul E. WAITES, Robert M. Wise, G. F. Broom, Jr., S. C. Cogburn, Bernard Epperson, Dr. H. Gissendanner, Bobby E. Horton, Lloyd E. Kirkland, Sr., H. Douglas Reeves and William H. Rhodes, Respondents.

(387 S. E. (2d) 91)

Court of Appeals

*Howard Hammer,* of *Hammer and Bernstein,* and *Scott Elliott,* Columbia, *for appellant.*

*Vance J. Bettis,* Columbia, *for respondents.*

Heard Oct. 18, 1989.

Decided Dec. 4, 1989.

*Per Curiam:*

The principal issue in this case is the scope of judicial review in a municipality's decision to terminate one of its employees. The circuit court sustained the City's action in terminating appellant Vaught. We affirm in part, reverse in part, and remand.

Appellant, Lenwood Vaught, was employed as a supervisor of the sanitation department of the City of West Columbia. The respondents, Paul E. Waites, Robert M. Wise, S. C. Cogburn, Bernard Epperson, D. H. Gissendanner, Bobby E. Horton, Lloyd E. Kirkland, H. Douglas Reeves, and William H. Rhodes are members of the West Columbia City Council. In August, 1986, G. F. Broom was hired as city administrator. His review of the City departments convinced him Vaught was not adequately performing his job. With the blessing of City Council (hereinafter Council), Broom gave Vaught three options. He could be demoted, remain in his employment and probably be fired if his performance did not improve, or apply to retire on physical disability. Vaught elected to retire and made application to the State Retirement System for disability retirement based on a diabetic condition. Vaught was denied disability retirement. While Vaught's application for disability was being reconsidered, City Council terminated his employment in January, 1987, because of his "medical inability to perform duties for the City." Council later reaffirmed its decision to terminate Vaught after the State Retirement System denied

reconsideration. This suit followed.

In his complaint, Vaught alleges (1) Council terminated him without just cause in violation of the terms of its Employee Handbook and thereby breached his employment contract; (2) Council and Administrator conspired to terminate his employment without just cause; (3) Council committed fraud by misrepresenting to him that he was eligible for disability retirement benefits; and (4) Council committed the tort of outrage by terminating him for medical reasons when it knew, or should have known, he was not medically unable to perform his duties. The trial court granted summary judgment to Council and the Administrator on all causes of action.

On appeal Vaught argues summary judgment was inappropriate because issues of material fact existed as to whether there was just cause to terminate his contract and also as to whether Council conspired to terminate his employment contract.[1]

■ The trial court ruled Vaught's first cause of action did not state a claim because *Small v. Springs Industries, Inc.*, 292 S. C. 481, 357 S. E. (2d) 452 (1987), upon which he relies to establish a contract, is not retroactive in its application. This was error. *Toth v. Square D Co.*, 298 S. C. 6, 377 S. E. (2d) 584 (1989), held *Small* is to be retroactively applied to causes of action arising prior to June 8, 1987.

■ The trial court also found that even if *Small* did apply retroactively, Vaught's breach of contract action would fail because the County and Municipal Employees Grievance Procedure Act, *S. C. Code Ann.* Sections 8-17-110 through 160 (1986), "as well as the very 'contract' on which Mr. Vaught relies leaves the final decision as to whether 'just cause' for the termination of a city employee exists to the governing body of the City of West Columbia."

Vaught's breach of contract action rests upon a provision in the Employee Handbook which states that "[d]ismissal is termination for cause." The provision further states that one of the reasons for dismissal is "[p]hysical inability to perform duties required of the employee." The Handbook

---

[1] Vaught has abandoned his fraud and outrage claims.

contains a grievance procedure which was apparently adopted pursuant to the Municipal Employees Grievance Procedure Act. The trial court found Section 8-17-140 of the Act makes Council the final arbiter of whether just cause existed to terminate the contract and the decision of the Council was final and not reviewable by the court. We do not agree that Section 8-17-140 makes Council's decision unreviewable in the posture of this case.

The record does not indicate the grievance procedure was utilized. As far as we can tell Vaught neither requested nor received a hearing before a grievance committee or Council. As we view Section 8-17-140, the language that the decision of the body vested with discharge authority shall be "final" refers to the exhaustion of the complaining employee's administrative remedies. *See* 2 Am. Jur. (2d) *Administrative Law* Section 563 (1962); *see also S. C. Code Ann.* Section 1-23-380 (1986) (requiring a final decision of a state agency in a contested case as a prerequisite to judicial review) and Section 8-17-340 (providing that a decision of the State Employee Grievance Committee is final in terms of administrative review); *Dew v. City of Florence,* 279 S. C. 155, 303 S. E. (2d) 664 (1983) (court review of final discharge decision by city manager). Moreover, while Council alleged as a defense the failure of Vaught to exhaust his administrative remedies, the trial court did not base its ruling on exhaustion. No motion was made before the trial court to reconsider its decision and no exception or additional sustaining ground addresses this issue on appeal. The doctrine of exhaustion of administrative remedies is a rule of "policy, convenience and discretion, rather than one of law, and is not jurisdictional." *Andrews Bearing Corp. v. Brady,* 261 S. C. 533, 536, 201 S. E. (2d) 241, 243 (1973); *Ex Parte Allstate Insurance Co.,* 248 S. C. 550, 151 S. E. (2d) 849 (1966).[2]

---

[2] We express no opinion whether failure to exhaust administrative remedies is jurisdictional under the Administrative Procedures Act. *See* D. Shipley, *South Carolina Administrative Law* at 7-42 (1983).

Thus, this matter came before the circuit court as a breach of contract action.[3] We must therefore look to the Employee Handbook to assist us in ascertaining the terms upon which Vaught's employment could be terminated. *See Toth v. Square D Co.,* 298 S. C. 6, 377 S. E. (2d) 584 (1989) (the use of an employee handbook provision in the construction of an employment relationship is not a novel idea in South Carolina, citing *Dew v. City of Florence,* 279 S. C. 155, 303 S. E. (2d) 664 (1983) and *Hogsed v. Lancaster Area School Board of Trustees,* 283 S. C. 42, 320 S. E. (2d) 724 (Ct. App. 1984) ). The Handbook provides that Vaught may be terminated for "cause" and defines one of the causes as the "physical inability to perform duties." *Cf. Bane v. City of Columbia,* 480 F. Supp. 34 (D.S.C. 1979) (handbook provision which restricted department head from firing city employee except for cause did not preclude the city manager from terminating the employee for the "good of the City" pursuant to *S. C. Code Ann.* Section 5-13-90). The purpose of a statute or ordinance mandating employees be fired only upon a showing of "cause" is to remove from the employer the right to fire employees for arbitrary reasons. *Work v. Mount Abraham Union High School Bd. of Directors,* 145 Vt. 94, 483 A. (2d) 258 (1984) (statute regarding school teachers).

The trial court found that the fact Vaught represented to the State Retirement System he was disabled constituted "just cause," as a matter of law, to terminate his employment. "Just cause" generally connotes a cause which is related to the employee's performance of his work duties, *City of Erie v. Kelley,* 82 Pa. Cmwlth. 339, 474 A. (2d) 1226 (1984), and should be based on some incapacity which renders the employee unfit for further service.[4] 62 C. J. S. *Municipal Corporations* Section 739 (1949). Council makes no claim Vaught was untruthful with the State Retirement System for the record shows it participated to some extent in Vaught's efforts to qualify for disability

[3] We have difficulty seeing how Vaught's contract was with the Respondents. It appears to us that Vaught's contract was with the City of West Columbia.

[4] Incapacity due to physical ill health has been held an adequate ground for discharge. *Gadue v. Village of Essex Junction,* 133 Vt. 282, 336 A. (2d) 182 (1975); *Kelly v. Board of Education,* 566 S. W. (2d) 165 (Ky. Ct. App. 1977).

retirement. Instead, it argues in its brief that Vaught is now "estopped from denying that there was cause for his termination—namely, his medical condition."

We reject Council's argument. In the first place there is no indication the trial court predicated its ruling on estoppel. Moreover, we are of the opinion the doctrine of estoppel is not available to Council. As stated in the case of *Frady v. Smith,* 247 S. C. 353, 359, 147 S. E. (2d) 412, 415 (1966), the elements of equitable estoppel are:

> The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudically.

We are unable to glean from the record any evidence which shows Vaught made a false representation to Council or concealed material facts. There is also no evidence that Council lacked the knowledge to ascertain the truth regarding Vaught's physical condition, relied on any representation, acts, or silence of Vaught, or was lead in any way to change its position to its detriment.

There is a conflict in the evidence over whether Vaught is able to perform his duties. Summary judgment should be granted where there is no genuine issue of material fact to be determined. *Hossenlopp v. Cannon,* 285 S. C. 367, 329 S. E. (2d) 438 (1985). Council relies heavily on its assertions that Vaught had a fainting spell on the job and an alleged statement by his doctor that he was unable to operate a truck which is required in Vaught's job. Council claims those items show Vaught was medically unfit

to perform the duties of his job. The fainting incident was denied by Vaught in his deposition and Vaught's doctor denied the statement attributed to him.[5] In the motion for summary judgment, Vaught was entitled to every reasonable inference to be drawn from the evidence, to include the inferences he did not faint and his doctor did not represent to the City Administrator he was unable to work. *Daniel v. Days Inn of America, Inc.,* 292 S. C. 291, 356 S. E. (2d) 129 (Ct. App. 1987). We hold the conflict in the evidence presents an issue of material fact as to the sufficiency of Council's cause to fire Vaught and summary judgment was inappropriate. C. Antieau, *Municipal Corporation Law* Section 22.161 (1988 rev.) (the sufficiency of the cause for dismissal is everywhere a judicial question).

Vaught also argues a genuine issue of material fact existed as to whether members of City Council and the City Administrator conspired to terminate his employment. The trial court held no conspiracy existed as a matter of law because Vaught could not predicate his conspiracy cause of action on the same facts as his breach of contract cause of action. It also held that as officers of the City of West Columbia the respondents are the alter egos of the City and, therefore, cannot be held to have conspired among themselves.

Civil conspiracy consists of three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, (3) which causes him special damage. *Lee v. Chesterfield Gen. Hosp. Inc.,* 289 S. C. 6, 344 S. E. (2d) 379 (Ct. App. 1986). The difference between civil and criminal conspiracy is that in criminal conspiracy the agreement is the gravamen of the offense, whereas in civil actions, the gravamen of the tort is the damage resulting to plaintiff from an overt act done pursuant to a common design. *Todd v. S. C. Farm Bureau Mut. Ins. Co.,* 276 S. C. 284, 278 S. E. (2d) 607 (1981).

As noted, the trial court construed Vaught's conspiracy allegations as simply an embellishment of his breach of contract action. It thus concluded that under the reasoning of *Todd v. S. C. Farm Bureau,* the action

---

[5] The record contains excerpts from the depositions of Vaught and Broom. It also contains affidavits of Broom and Vaught's doctor.

could not be maintained as a matter of law. In *Todd*, the Supreme Court indicated that a demurrer should have been sustained because the questioned cause of action "does no more than incorporate the prior allegations and then allege the existence of a civil conspiracy." *Id.* at 293, 278 S. E. (2d) at 611. We think Vaught's conspiracy cause of action essentially does the same thing. The only additional allegation in Vaught's conspiracy cause of action is the allegation the respondents conspired to deprive him of his employment and "in pursuance of said conspiracy . . . induced [him] to execute documents and applications for disability when [respondents] knew or should have known that [Vaught] was not disabled and/or not entitled to any disability." The damages sought in the conspiracy cause of action are the same as those sought in the breach of contract cause of action. Because no special damages are alleged aside from the breach of contract damages, we hold the conspiracy action is barred under *Todd.*

Lastly, there is no genuine issue of material fact involved because the record is devoid of any evidence suggesting a conspiracy. Vaught's complaint alleges the overt act of the conspiracy was the act of inducing him to apply for disability when the defendants knew or should have known he was not disabled. However, in his deposition, Vaught testified the mayor and council members did not do anything concerning the disability application. He acknowledged the vote to terminate him was five to four. So four council members did not vote to dismiss him. We need not then address the issue of whether or not the respondents are legally capable of conspiring among themselves.

Accordingly, the trial court is reversed on the contract cause of action and that cause of action is remanded for a hearing on the merits.

Affirmed in part, reversed in part, and remanded.