23723

STERN & STERN ASSOCIATES, Appellant v.
Annie Mary TIMMONS, Respondent.
(423 S.E. (2d)124)

Supreme Court

*Henry Hammer*, Columbia, *for appellants*.

*David E. Belding*, of *Finkle, Goldberg, Sheftman & Altman*, Columbia, *for respondent*.

Heard Dec. 6, 1991.

Decided Oct. 5, 1992.

TOAL, Justice:

This appeal arises out of an action for specific performance of a contract for the sale of real estate. The appellant was awarded specific performance but denied special damages and reasonable attorney fees were limited to $3,000.00.

## FACTS

Annie Mary Timmons, respondent, entered into a contract for the sale of real estate with Stern & Stern Associates ["Stern"], appellant. When Ms. Timmons refused to close on the property on the date set in the contract, Stern sued for specific performance. Stern also claimed that they suffered $135,000.00 special damages as a result of Ms. Timmons' failure to close on the property on the date specified in the contract. Finally, Stern claimed attorney fees.

The trial judge, sitting without a jury, found that the contract was valid and that Ms. Timmons' failure to close on the property was a breach of the contract entitling Stern to specific performance. The trial judge, however, denied Stern's claim for special damages, finding that the damages claimed by Stern were not in the contemplation of the parties at the time the contract was formed. Finally, the trial judge granted Stern reasonable attorney fees in the amount of $3,000.00.

## ISSUES

On appeal Stern claims that the trial judge erred in refusing to grant special damages as well as specific performance, and that the trial judge's award of $3,000.00 attorney fees was insufficient.

## LAW/ANALYSIS

### *Special Damages*

Special damages are by their very nature conditioned by the particular circumstances of each case. 5 Arthur Linton Corbin, *Corbin on Contracts* § 1011 (1964). The party claiming special damages must show that the defendant was clearly warned of the probable existence of unusual circumstances or that because of the defendant's own education, training or information, the defendant had "reason to foresee the probable existence of such circumstances." *Id.* While it is true that the defendant need not foresee the exact dollar amount of the injury, the defendant must know or have reason to know the special circumstances so as to be able to judge the degree of probability that damage will result from delayed performance. *Id.* § 1014. The special circumstances must exist when the contract was made. *Id.* § 1010. When the above elements are met, special damages are considered within the

contemplation of the parties at time the contract was signed. Id.

Stern claims that between the time of performance of the contract and the date of trial that the cost of 90,000 cubic yards of fill dirt they planned to place on the property increased in price from $2.50 per cubic yard to $4.00 per cubic yard, resulting in a loss of $135,000.00 for Stern. The trial judge determined these damages were not in the contemplation of the parties when the contract was formed. We disagree.

Mr. Paul Freeman, real estate agent, testified that he initially presented the offer for purchase to Ms. Timmons. There were two terms in the offer to which Ms. Timmons objected. First, the amount originally offered was $550,00.00. Second, Stern wanted a 120-day time period from contract formation to closing date with an option for a 60-day extension. Mr. Freeman testified that Ms. Timmons was adamant about closing within 30 days and that, therefore, this became the primary focus of further negotiations.

As a result of further negotiations, Mr. Stern agreed to a 30-day closing period and increased his offer to $600,000.00. The resulting contract was not made part of the record. The trial judge's order indicates that the contract was signed on January 23, 1989 with provision for a closing date on or before February 25, 1989. Mr. Stern testified that during these negotiations, he related to Ms. Timmons the urgency involved in closing by the date agreed to in order that he might take advantage of the then available fill dirt at $2.50 a cubic yard. Mr. Freeman testified that Stern's willingness to close within 30 days and increased offer were both the result of being able to obtain a large amount of fill dirt at a good price. During her cross examination of Mr. Stern, Ms. Timmons stated that she was aware of the need for fill dirt and had, in the past, put some fill dirt on the property.[1]

We have said that "consequential damages occasioned by breach of contract may be recovered when such damages may reasonably be supposed to have been within the contemplation of the parties at the time the contract was made." *Good-*

---

[1] Ms. Timmons appeared *pro se* at trial. She preserved no issues for appeal. Ms. Timmons hired the attorney of record after briefs were due. The attorney of record appeared only at oral argument without benefit of a brief.

*win v. Hilton Head Co.,* 273 S.C. 758, 761, 259 S.E. (2d) 611, 613 (1979). The record below indicates that Ms. Timmons was aware of the need for fill dirt and aware of the probable damage that would result from a time delay prior to her signing the contract.

As to the computation of damages, we look to our decision in *White v. Felkel, et al.,* 225 S.C. 453, 458-59, 82 S.E. (2d) 813, 815-16 (1954) (quoting from 7 ALR 2d 1206),

> ... if the Court orders it to be performed, the decree must nearly as possible order it to be performed according to its terms, and one of those terms is the date fixed by it for its completion. This date having passed, the Court, in order to relate the performance back to it, equalizes any losses incurred by the delay by offsetting them with money payments, Often the result is more like an accounting between the parties than like an assessment of damages.

Stern's damages, as calculated above, are in the amount of $135,000.00. However, since the final contract price of $458,881.00 was not received by Ms. Timmons on the closing date, she is entitled to offset Stern's damages by $20,076.00. This offset amount represents 6 months interest[2] on the final contract price at the legal rate of 8.75%. Therefore, we reverse the trial judge as to special damages and order that the plaintiff be awarded those damages in the amount of $114,924.00.

### Attorney Fees

The only mention of attorney fees in the record is in the trial judge's orders. The trial judge found that the contract called for reasonable attorney fees and that he had reviewed the file and considered all required factors in determining a reasonable attorney fee. Since Stern has placed no evidence on the record for us to consider in determining whether the award of attorney fees was unreasonably low and, in light of that fact, Timmons did not by exceptions or brief contest the trial court's finding that the contract called for reasonable attorney fees, we affirm the trial judge's award of $3,000.00 as a reasonable amount for attorney fees.

---

[2] From closing date of February 25, 1989 to trial date of August 28, 1989.

Reversed in part and affirmed in part.

HARWELL, C.J., and CHANDLER and FINNEY, JJ., concur.

GEORGE T. GREGORY, JR., Acting Associate Justice, not participating.