**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1277

LARRY JAMES,

Plaintiff - Appellant,

versus

PRATT AND WHITNEY, UNITED TECHNOLOGIES
CORPORATION,

Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(CA-03-1022-2-18)

Argued:  December 2, 2004          Decided:  March 23, 2005

Before WILKINSON, Circuit Judge, W. Craig BROADWATER, United States
District Judge for the Northern District of West Virginia, sitting
by designation, and Norman K. MOON, United States District Judge
for the Western District of Virginia, sitting by designation.

Affirmed in part, reversed in part and remanded by unpublished per
curiam opinion.

Chalmers Carey Johnson, Charleston, South Carolina, for Appellant.
Ellis Reed-Hill Lesemann, Cherie W. Blackburn, NELSON, MULLINS,
RILEY & SCARBOROUGH, L.L.P., Charleston, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant Larry James filed this action on February 6, 2003, in the Court of Common Pleas of the County of Charleston, South Carolina, against Pratt and Whitney, United Technologies Corporation, asserting claims of civil conspiracy, intentional interference with contractual relations, and intentional infliction of emotional distress. After removal, the district court granted Pratt & Whitney's motion for partial judgment on the civil conspiracy claim and the intentional infliction of emotional distress claim. James seeks review of that decision. For the reasons set forth below, we hold that the district court did not err when it dismissed James's intentional infliction of emotional distress claim. We, therefore, affirm that portion of the district court's decision. We further hold, however, that the district court erred when it dismissed appellant's civil conspiracy claim. Consistent with this determination, we vacate that portion of the judgment of the district court and remand the case for further proceedings consistent with this opinion.

I.

James is an aircraft mechanic employed in a supervisory position by United Airlines, Inc., at the Charleston, South Carolina, Air Force Base. James is also a shop steward and union representative for the International Association of Machinists and

2

Aerospace Workers. James's job duties include conducting maintenance and certification of aircraft engines for the United States Air Force. Pratt & Whitney designed and manufactured the aircraft engines on which James works. United contracts with Pratt & Whitney to provide maintenance to the aircraft engines and certify that the engines are safe for use. Despite this arrangement, James is not an employee of Pratt & Whitney but James is employed by United.

In 2000, another aircraft mechanic discovered a crack in one of the engines and notified his supervisor, James. James inspected the crack, confirmed that it was unsafe for use, and reported the damage to United. United's foreman confronted James and the mechanic who discovered the crack and demanded that the damage report be withdrawn. The foreman told James that an employee with Pratt & Whitney demanded that the damage report be altered. After refusing to falsify the damage report, James was called to a meeting with the foreman and a representative from Pratt & Whitney. At this meeting, Pratt & Whitney's representative demanded that the report be altered. Again, James refused to falsify the damage report.

After this incident, James claims that representatives of Pratt & Whitney began showing up at his work area and scrutinizing his work. James asserts that this scrutiny continued over time and became extremely oppressive and hostile. Shortly thereafter, James

3

received a disciplinary notice terminating his employment on November 30, 2000. James was off the job for approximately five months. In the interim, he filed a grievance pursuant to the collective bargaining agreement between United and the union. The grievance procedure reached a positive conclusion, and James returned to his job on April 30, 2001.

As a result of this termination, James lost salary and other benefits. Specifically, the complaint asserts that during the time he was unemployed, James suffered lost wages, lost benefits, consequential economic damages, severe emotional distress, and injury to his reputation. The instant complaint was filed on February 6, 2003, alleging that as the result of his refusal to falsify the maintenance report, Pratt & Whitney (1) unlawfully conspired with United to have James terminated, (2) intentionally interfered with James's employment contract with United, and (3) intentionally inflicted emotional distress on James.

Pursuant to 28 U.S.C. §§ 1332 and 1442, Pratt & Whitney removed the action to the United States District Court for the District of South Carolina on April 2, 2003. On October 10, 2003, Pratt & Whitney filed a motion for partial judgment on the pleadings for dismissal of the claims for civil conspiracy and intentional infliction of emotional distress pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Pratt & Whitney argued that retaliatory discharge alone may not serve as a basis for a

4

claim of intentional infliction of emotional distress.  Therefore, Pratt & Whitney claimed it was not liable for intentional infliction of emotional distress.  Pratt & Whitney also argued that the claim for civil conspiracy should be dismissed because the complaint did not specifically allege special damages, a pleading requirement under South Carolina law.

The district court held a hearing on the motion for partial judgment on the pleadings on December 30, 2003.  At the hearing, the district court orally granted Pratt & Whitney's motion for partial judgment and stated that a written order would follow.  During the pendency of the motion for partial judgment, discovery continued between the parties.  In his deposition, James conceded that due to the collective bargaining agreement between United and the union, the claim for intentional interference with contractual relations was not viable under applicable law.  Pratt & Whitney, therefore, filed a motion for summary judgment on the intentional interference of contractual relations claim on January 30, 2004.  On February 10, 2004, the district court issued its written order granting Pratt & Whitney's motion to dismiss the civil conspiracy claim and the intentional infliction of emotional distress claim.

By consent of James, the district court dismissed the intentional interference of contractual relations claim on February 23, 2004.  On March 1, 2004, James filed a notice of appeal of the district court's February 10, 2004 order granting Pratt & Whitney's

5

motion to dismiss the claims for civil conspiracy and intentional infliction of emotional distress.

## II.

The court reviews a decision to grant judgment on the pleadings *de novo*, applying the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6). Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002); Edwards v. City of Goldsboro, 178 F.3d 231,243 (4th Cir. 1999). "Accordingly, we assume the facts alleged in the complaint are true and draw all reasonable factual inferences in appellant's favor." Id.

### A.

The first ground of appeal is that the district court erred when it dismissed the claim for civil conspiracy. Under South Carolina law, when asserting a claim for civil conspiracy, one must allege and specifically plead special damages. The district court determined that James failed to meet that requirement.

James argues that it is permissible under Rule 8(e)(2) of the Federal Rules of Civil Procedure to plead alternate causes of action or legal theories. He maintains that at the motion to dismiss stage, it is permissible under the rules of civil procedure to plead as many separate causes of action as the facts may support, regardless of the fact that some may be inconsistent or

6

mutually exclusive. He further argues that even if the complaint failed to adequately plead special damages, he should be allowed to amend his complaint under Rule 15(a) of the Federal Rules of Civil Procedure. Pratt & Whitney counters that special damages is an element of the claim that must be properly pled. James's complaint asserts the three claims described above. At the end of the sections asserting the causes of action for civil conspiracy and intentional interference with contractual relations, James uses the same named items of damages: 1) suffered lost wages; 2) suffered lost benefits; 3) suffered consequential economic damages; 4) suffered severe emotional distress; and 5) suffered injury to his reputation as a mechanic and union member in a leadership position. It is this repetition of damages that Pratt & Whitney alleges is insufficient[1].

A cause of action for civil conspiracy is defined as "(1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, (3) which causes him special damage." Vaught v. Waites, 387 S.E.2d 91, 95 (S.C. Ct. App. 1986) (citing Lee v. Chesterfield Gen. Hosp. Inc., 344 S.E.2d 379 (S.C. Ct. App. 1986)).

---

[1] In the cause of action for intentional infliction of emotional distress James does not recite the same demand for damages as in the other two causes of action. In the intentional infliction of emotional distress cause of action, James states that as a proximate result of Pratt & Whitney's conduct, he suffered severe emotional distress and mental anguish. James further states that as a result of this conduct, he is entitled to actual damages, consequential damages, punitive damages, and other damages as determined by the court.

7

Special damages are defined as "[d]amages for losses that are the natural and proximate, but not the *necessary*, result of the injury may be recovered only when such special damages are sufficiently stated and claimed." Sheek v. Lee, 345 S.E.2d 496, 497 (S.C. 1986) (emphasis in original). "Special damages must be alleged in the complaint to avoid surprise to the other party." Id. (citation omitted).

An early South Carolina case involving a claim and delivery for certain articles of personal property compares general damages and special damages as follows:

> [W]hat are called general damages, as contradistinguished from special damages, are admitted in evidence under a general allegation,-indeed, are inferred by the law itself,- for the reason that they are the immediate, direct, and proximate result of the act complained of, as, for instance, an injury to the property itself, or its value, by detention, etc., while damages which, although the natural, are not the necessary, consequence of the act, being outside of the costs and disbursements allowed by law, and consequently, in their nature, are not admissible in evidence without special notice of the claim in the allegations of the complaint, are therefore called special damages.

Loeb v. Mann, 18 S.E. 1, 2 (S.C. 1893) (internal quotations omitted). The concept that a defendant must be on notice of the special circumstances was also found in a breach of contract action. See Givens v. North Augusta Elec. Improvement Co., 74 S.E. 1067, 1069 (S.C. 1912) (noting that since the complaint unequivocally claimed special circumstances, defendant was on notice and could be held liable for special damages).

8

Special damages appear to arise in two types of cases other than civil conspiracy: disputes involving real property and causes of action for libel and slander. See e.g., Smith v. Phoenix Furniture Co., 339 F.Supp. 969, 971 (D.S.C. 1972) ("[s]pecial damages in the context of libel or slander, are damages with respect to the property, business, profession or occupation which are computable in money . . . [s]uch special damages must be a loss of money or some other material temporal advantage capable of being assessed at monetary value"); Stern & Stern Associates v. Timmons, 423 S.E.2d 124, 125 (S.C. 1992) (defining special damages in a suit for specific performance of a real estate contract as "by their very nature conditioned by the particular circumstances of each case . . . [t]he party claiming special damages must show that the defendant was clearly warned of the probable existence of unusual circumstances or that because of the defendant's own education, training, or information, the defendant had reason to foresee the probable existence of such circumstances . . . special damages are considered within the contemplation of the parties at the time the contract was signed") (internal citations omitted); Capps v. Watts, 246 S.E.2d 606, 609 (S.C. 1978) (stating that in a suit for libel "[g]eneral damages are those damages which the law presumes, without proof, to have resulted from the publication of the libel . . . [s]pecial damage is actual damage and must be pled and proved") (quotations omitted); Windham v. Honeycutt, 348 S.E.2d

185, 187 (S.C. Ct. App. 1986) ("[s]pecial damages are those that may reasonably be supposed to have been in the contemplation of both parties, at the time of contracting, as the probable result of the breach") (citation omitted).

There are two key South Carolina cases involving special damages for a claim of civil conspiracy. See Vaught, 387 S.E.2d 91; Todd v. S.C. Farm Bureau Mutual Ins. Co., 278 S.E.2d 607 (S.C. 1981) rev'd on other grounds, 321 S.E.2d 602 (1984) quashed in part on other grounds, 336 S.E.2d 472 (1985). In Todd, Plaintiff sued his former employer for various causes of action, including a civil conspiracy claim, relating to the termination of his employment relationship with the Farm Bureau defendants. Todd, 278 S.E.2d at 608. The issue presented on appeal was whether the amended complaint properly pled a claim for civil conspiracy. Id. at 610. The Supreme Court of South Carolina ruled that the trial court erred when it overruled defendant's demurrer. Id. at 611. In so holding, the court stated that

> [T]he fifth cause of action [civil conspiracy claim] does no more than incorporate the prior allegations and then allege the existence of a civil conspiracy and pray for damages resulting from the conspiracy. No additional acts in furtherance of the conspiracy are plead. The only alleged wrongful acts plead are those for which damages have already been sought.

Id.

In Vaught, a director of sanitation sued the city manager and members of city council for civil conspiracy for terminating his

10

employment without just cause. <u>Vaught</u>, 387 S.E.2d at 92. Partially relying on <u>Todd</u>, the trial court granted summary judgment for defendants holding that no conspiracy existed as a matter of law because Vaught could not predicate his conspiracy claim on the same facts as a breach of contract claim and defendants were the alter egos of the City and, therefore, could not conspire with themselves. <u>Id.</u> at 94. In upholding the trial court, the Court of Appeals held that the trial court had correctly determined that the civil conspiracy action was nothing more than an "embellishment of his breach of contract action." <u>Id.</u> The court concluded that the civil conspiracy claim inadequately pled special damages in that "[t]he damages sought in the conspiracy cause of action are the same as those sought in the breach of contract cause of action." <u>Id.</u> The court further held that the plaintiff in <u>Vaught</u> did the same thing as the plaintiff in <u>Todd</u> in that the complaint "does no more than incorporate the prior allegations and then allege the existence of a civil conspiracy." <u>Id.</u> at 95 (quoting <u>Todd</u>, 278 S.E.2d at 611).

In this case, the district court's decision relies heavily on the unpublished decision of <u>Little v. Brown & Williamson Tobacco Corp.</u>, No. C.A. 2:98-1879-23, 1999 WL 33291385 (D.S.C. March 3, 1999)[2]. In discussing the element of special damages, the district

_____

[2] In <u>Little</u>, the district court was faced with reviewing twelve causes of action: 1) voluntary assumption of a special undertaking, 2) breach of implied warranties, 3) unfair acts or

11

court in this case states:

> The third element of a conspiracy claim requires plaintiff to plead and prove special damages. Essentially, this means that the complaint must describe damages that occurred as a result of the conspiracy itself, in addition to any damages alleged as a result of any other claims. That is, the damages allegedly resulting from the conspiracy must not overlap with or be subsumed by the damages resulting from the other claims.

J.A. 147 (quoting Little, 1999 WL 33291385, at *14). The district court then found that James had not pled a viable cause of action for civil conspiracy because he did not specifically plead special damages. Specifically, the district court stated that "[s]pecial damages are an essential element of pleading a cause of action for civil conspiracy in the first place; one need not make a *prima facie* case in pleading special damages, but one must at least plead them in order to state a claim." J.A. 149. The district court concluded that James's complaint did not meet this basic pleading standard and granted Pratt & Whitney's motion to dismiss the claim.

Based upon Todd and Vaught, the issue presented in this appeal, therefore, is not necessarily whether the damages pled

practices in violation of the South Carolina Unfair Trade Practices Act (UPTA), 4) deceptive acts or practices in violation of the UTPA, 5) unfair methods of competition in violation of the UTPA, 6) fraudulent misrepresentation, concealment and nondisclosure, 7) negligent misrepresentation, concealment and nondisclosure, 8) negligence, 9) strict liability, 10) civil conspiracy, 11) aiding and abetting, and 12) loss of consortium. Regarding the motion to dismiss, the trial court noted that the plaintiffs for their civil conspiracy claim re-alleged the damages that they had already alleged in association with all of their other claims. Id. at *14. Unpublished district court opinions are not binding precedent on this court. Loc. R. 36(c)

12

overlapped, or were subsumed by, the other damages asserted. Rather, the issue is whether James's civil conspiracy claim just incorporated prior factual allegations from the other causes of action then recited the same demand for damages. In sum, the question to be answered is whether James's complaint adequately set forth "additional acts in furtherance of the conspiracy." Todd, 278 S.E.2d at 611.

Therefore, the allegations of each of the causes of action must be compared. If appellant failed to allege facts for his civil conspiracy claim separate and distinct from his other two claims, then his civil conspiracy claim would fail under Todd. If appellant, however, did allege separate civil conspiracy allegations then the court would need to determine if appellant pled damages that "are the natural and proximate, but not the necessary result of the injury." Sheek, 354 S.E.2d at 497.

The complaint reveals that James adequately asserted independent allegations such that Pratt & Whitney was adequately put on notice that it was being sued for civil conspiracy. See e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511 (2002) (stating that "under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case"); see also Fed. R. Civ. P. 8(a) (stating that "a claim shall contain . . . a short and plain statement of the claim."). As set forth in paragraph 24, the complaint states in

13

the "Facts" section, prior to the statement of the causes of action, that Pratt & Whitney

> [C]onspired to take unlawful action against the Plaintiff, to harm him in retaliation for his refusal to participate in action which would have been in violation of his duty as a mechanic, applicable FAA regulations, and that would have put Men and Women of the United States Air Force, and civilian citizens of the United States in danger of injury or death.

J.A. 10.

The language of the civil conspiracy cause of action likewise contains independent allegations of a civil conspiracy that are not identical to the language contained in the other causes of action. J.A. 12-14. Specifically, in the civil conspiracy cause of action, the complaint incorporates James's earlier allegations and then alleges "[t]hat the Defendant conspired and acted to harm the Plaintiff in retaliation for the Plaintiff's refusal to falsify maintenance records concerning the C-17 Globemaster." J.A. 12. Thus, James here did assert independent allegations in furtherance of a civil conspiracy.

Further, an analysis of the damages claimed in the complaint indicates that appellant complied with South Carolina law. In the first cause of action for civil conspiracy, appellant sets forth in paragraph 48 of the complaint the following named items of damages: 1) suffered lost wages; 2) suffered lost benefits; 3) suffered consequential economic damages; 4) suffered severe emotional distress; and 5) suffered injury to his reputation as a mechanic

14

and union member in a leadership position. J.A. 12.  Thus, special damages as alleged in this case appear to be a "loss of money or other material temporal advantage capable of being assessed a monetary value."  Phoenix Furniture Co., 339 F.Supp. at 971.

Under federal notice pleading standards, James is only required to meet the requirements of Rule 8(a) and put Pratt & Whitney on notice of the claim.  Obviously, James met that standard here.  In addition, under Rule 15(a), James should have been given the opportunity to amend the complaint and properly plead special damages.  In addressing the standard for a motion for leave to amend the Supreme Court has stated that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-- such as  . . . futility of amendment . . . the leave sought should, as the rules require, be 'freely given.'"  Foman v. Davis, 371 U.S. 178, 182 (1962).

At the hearing on the motion for partial judgment, the district court specifically addressed the issue of whether the complaint properly pled special damages and whether James would be permitted to amend the complaint.  The district court closed the hearing by granting the motion to dismiss the civil conspiracy claim then stating "and if, in fact, there are special damages that [James's counsel] can find, then [James's counsel] can file a

15

motion to amend the pleading . . . and you can bring them back in."
J.A. 101. In the written order, the district court did not allow
James to amend his complaint because it found that "an amendment
should not be allowed where it is apparent from the alleged facts
that no basis for the separate damages exists." J.A. 149. The
district court did not elaborate as to how the basis did not exist.
The district court also did not explain how the damages set forth
by James did not constitute special damages under South Carolina's
definition. By dismissing the claim because of duplicative
damages, the district court did not address whether the alleged
damages such as lost wages, benefits, and consequential economic
damages were the proximate, but not the necessary result of Pratt
& Whitney's alleged conspiracy. Thus, the decision of the district
court should be reversed and the case remanded in order for the
district court to review the issue of special damages in light of
this opinion and to allow, if necessary, James an opportunity to
amend the complaint to properly plead special damages.

B.

The second ground for appeal is that the district court erred
when it dismissed the claim for intentional infliction of emotional
distress. The district court ruled that, as a matter of law,
James's termination was not sufficiently outrageous to support a
claim for intentional infliction of emotional distress. James
contends that this is not the typical retaliatory discharge case

16

because Pratt & Whitney was not his employer. The allegation is that Pratt & Whitney, a third party, conspired with the employer, United, to have James terminated. It is the involvement of the third party here that James argues makes Pratt & Whitney's conduct outrageous and extreme. Pratt & Whitney counters that the district court properly determined as a matter of law that its actions do not meet the standard for outrageous conduct under applicable South Carolina law. The fact that Pratt & Whitney is a third party is immaterial because if an employer cannot be held liable for intentional infliction of emotional distress as the result of a retaliatory discharge then a third party certainly cannot be held liable for intentional infliction of emotional distress as the result of conspiring with an employer to cause a retaliatory discharge.

Under South Carolina law, the tort of intentional infliction of emotional distress has four elements: (1) defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct, (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community, (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was severe so that no reasonable man could be expected to

17

endure it.  Ford v. Hutson, 276 S.E.2d 776, 778 (S.C. 1981) (citing Vicnire v. Ford Motor Co., 401 A.2d 148 (Me. 1979)) (quotations omitted).

It is permissible for a court to find as a matter of law that based on the allegations contained in a complaint that a defendant's conduct is not so extreme and outrageous to allow recovery for intentional infliction of emotional distress.  See Todd, 321 S.E.2d at 609 (stating that "[i]t is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, and only where reasonable persons may differ is the question one for the jury") (citation omitted).  Thus, the question of whether Pratt & Whitney's conduct here was extreme and outrageous may be decided by the district court upon a review of the pleadings.

South Carolina courts have been reluctant to find outrageous conduct in a variety of settings.  See Gattison v. S.C. State College, 456 S.E.2d 414 (S.C. Ct. App. 1995) (holding that hostile work environment was not outrageous); Shupe v. Settle, 445 S.E.2d 651 (S.C. Ct. App. 1994) (failing to find outrage where doctor mistakenly informed daughter of father's death when father was still alive); Manley v. Manley, 353 S.E.2d 312 (S.C. Ct. App. 1987) (finding good faith, involuntary committal of mother to state hospital not outrageous); Folkens v. Hunt, 348 S.E.2d 839, 845

(S.C. Ct. App. 1986) (holding "not all conduct . . . causing emotional distress in a business setting may serve as a basis for an action alleging outrage"); Save Charleston Foundation v. Murray, 333 S.E.2d 60 (S.C. Ct. App. 1985) (holding conversion of promissory note and bringing action on note not sufficient).

In light of this authority, Pratt & Whitney's conduct here was not sufficiently outrageous to maintain the claim for intentional infliction of emotional distress. James's argument that Pratt & Whitney's conduct here was outrageous because it was a third party and not the employer is a distinction without a difference. It is a short step to infer from South Carolina's case law holding that mere retaliatory discharge does not constitute outrageous conduct, to the holding that a third party's involvement or procurement of a retaliatory discharge does not constitute outrageous conduct. The Court concludes, therefore, that under these facts, the South Carolina courts would not find this conduct so extreme such that it would be actionable for intentional infliction of emotional distress. Thus, the district court's decision dismissing the claim for intentional infliction of emotional distress should be affirmed.

### III.

The judgment of the district court is affirmed as to the claim for intentional infliction of emotional distress and reversed and

the case remanded for disposition consistent with this opinion as to the claim for civil conspiracy.

<u>AFFIRMED IN PART, REVERSED IN PART AND REMANDED</u>