Justice PLEICONES.
I concur in part and dissent in part. I conclude that there is some slight evidence to support the trial court’s denial of appellant’s motions for directed verdict and JNOV on McNaughton’s breach of contract claim, and therefore concur in the majority’s affirmance of this issue. I dissent from those portions of the opinion which uphold the special damages award and the attorneys’ fee award.
In order to recover special damages in this breach of contract suit, McNaughton was required to prove that appellant
[w]as clearly warned of the probable existence of unusual circumstances or that because of the [appellant’s] own education, training, or information, the [appellant] had “reason to foresee the probable existence of such circumstances.”
Stern & Stern Assoc. v. Timmons, 310 S.C. 250, 423 S.E.2d 124 (1992) (internal citation omitted). In my opinion, appellant’s status as an induction teacher in the PACE program pursuant to a one-year contract was not sufficient to render appellant liable for McNaughton’s losses beyond her lost salary and benefits for the school year 2010-2011. E.g., *270 Shivers v. John H. Harland Co., Inc., 310 S.C. 217, 423 S.E.2d 105 (1992) (proper measure of damages in breach of employment case). There is simply no evidence that McNaughton met the requirements of Timmons, and the rank speculation concerning her potential had she successfully completed the PACE program is not a substitute for such proof.
I also dissent from the majority’s affirmance of the attorneys’ fees awarded McNaughton pursuant to S.C.Code Ann. § 15-77-300 (Supp.2013). Assuming that appellant is a state actor within the meaning of this statute, appellant’s decision to put McNaughton to her proof here was, in my opinion, substantially justified, particularly in light of the trial court’s direction of a verdict in appellant’s favor on three of McNaughton’s causes of action. See e.g. Cornelius v. Oconee Cnty., 369 S.C. 531, 633 S.E.2d 492 (2006) (state acts with substantial justification when its position has a “reasonable basis in law and fact.”).
For the reasons given above, I concur in part and dissent in part.