VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT  05091
802-457-2121
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-01942

Joseph Swanson
      Petitioner

v.

Village of Woodstock
      Respondent

<u>Decision on Motion for Preliminary Injunction</u>

Vermont towns are authorized to establish police departments and to appoint both regular police officers and a police chief, in whom is vested the responsibility for overseeing "[t]he direction and control of the entire police force." 24 V.S.A. § 1931(a)–(b). All appointed municipal police officers and police chiefs are tenured, meaning that they may only be "removed" from their positions "for cause." 24 V.S.A. § 1931(a). Vermont's General Assembly and the Vermont Supreme Court have further defined this to mean that police officers and police chiefs may only be removed from their positions upon findings that they have "become negligent or derelict" in their official duties, or have engaged in "conduct unbecoming an officer," or if they have otherwise become unable to perform the functions of their jobs. 24 V.S.A. § 1932(a)–(c); *Turnley v. Town of Vernon*, 2013 VT 42, ¶ 14, 194 Vt. 42; accord *Hubacz v. Village of Waterbury*, 2018 VT 37, ¶¶ 17–20, 207 Vt. 399; *Audette v. Greer*, 134 Vt. 300, 303 (1976); *Gadue v. Village of Essex Junction*, 133 Vt. 282, 283–84 (1975).

In this case, the Village of Woodstock "demoted" its police chief to the lesser position of police officer. In effectuating this demotion, the village trustees held a hearing, took testimony, received evidence, and issued written findings of fact and conclusions of law explaining why they were taking this step. The village trustees specifically declined, however, to analyze whether the demotion met the "for cause" standard established in 24 V.S.A. §§ 1931–1934. The village trustees reasoned that a finding of "cause" was needed only for terminations of employment, and not for lesser forms of discipline such as suspension or demotion.

It appears to the court that the reasoning of the village trustees was erroneous. It may be true that regular police officers may be demoted within the ranks of the police department without invoking the tenure protections of 24 V.S.A. §§ 1931–1934, at least so long as the demotions are conducted in accordance with the applicable collective bargaining agreement. The rationale for this would be that demoted police officers still hold the office of "police officer" within the meaning of the tenure statutes regardless of whether they hold the rank of patrol officer, corporal, sergeant, lieutenant, or captain.

A police chief, however, does not merely hold a rank within the police department, but rather holds a municipal office that is separate and distinct from the role of police officer. 24 V.S.A. §§ 1931–1934. A police chief is the municipal officer responsible for overseeing "[t]he direction and control of the entire police force," *id.* § 1931(b), and a tenure protection specific to the office of police chief is important to ensuring that the official responsible for oversight of the police department is not removed any time there is a mere political disagreement or personal conflict with members of the municipal selectboard. *Turnley*, 2013 VT 42, ¶ 18. Vermont law therefore requires municipal selectboards to determine that there is substantial cause before removing a municipal police chief from that unique office by any means—e.g., termination, demotion, reassignment of duties, or "any other mode of discharge." 24 V.S.A. §§ 1931–1934; *Turnley*, 2013 VT 42, ¶¶ 12–18; *Audette*, 134 Vt. at 303.

Here, although petitioner is still employed by the municipal police department, the effect of the demotion is that he is no longer responsible for overseeing the direction and control of the department. It therefore appears to the court that petitioner has been "removed" from his role of the village police chief within the meaning of 24 V.S.A. §§ 1931–1934, regardless of whether he is still otherwise employed by the police department. It furthermore appears that the village trustees took this step without determining whether cause existed for their exercise of the removal power.

At issue in this decision is not the merits of the case, but rather whether the court should issue a preliminary injunction preventing the village from hiring a new police chief until the merits can be decided. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Campbell Inns, Inc. v. Banholzer, Turnure & Co., Inc.*, 148 Vt. 1, 4 (1987). A motion for a preliminary injunction requires the court to balance the competing claims and to evaluate the significance of the threat of irreparable harm to the moving party, the degree of burden that would be imposed upon the non-moving party, the probability that the moving party will succeed on the merits of their claim, and the public interest. *Taylor v. Town of Cabot*, 2017 VT 92, ¶ 19, 205 Vt. 586; *State v. Glens Falls Ins. Co.*, 134 Vt. 443, 450 (1976); 11A Wright & Miller, Federal Practice and Procedure: Civil 3d § 2948. A preliminary injunction is meant to "preserve the relative positions of the parties until a trial on the merits can be held." *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024) (quoting *Camenisch*, 451 U.S. at 395).

The court understands that it is burdensome for the village to continue for an additional period of time without a new police chief. The court also understands that it is deciding the motion upon public-law governance principles rather than upon the employment-law grounds primarily argued by petitioner. However, it is essential to the fair administration of government that the removal power be exercised only in accordance with law. Here, it appears that the village trustees failed to apply the correct legal standard before removing petitioner from the office of police chief. Given the strong public interest in ensuring that the municipal officers are removed from tenured office only in accordance with the applicable laws and procedures, the court concludes that a preliminary injunction is needed to prohibit the village from hiring a new police chief while this case is still pending.

Again, the court is not deciding the merits of the case, but rather predicting the eventual outcome based upon the court's review of the record and the evidence submitted in connection with the motion for a preliminary injunction. It appears from that review that the decision of the trustees will be

reversed because the trustees did not apply the correct legal standard when making their decision. It does not necessarily follow that petitioner would therefore be reinstated. Instead, the probable outcome appears to be that the case would be remanded to the village trustees to determine whether to remove the police chief for cause within the meaning of 24 V.S.A. §§ 1931–1934. A new evidentiary hearing would not be required: the village has already made extensive factual findings about the reasons why petitioner's performance as police chief was not satisfactory. The task for the village trustees would be to apply the correct legal standard to their existing factual findings, and to make the determination as to whether the village police chief should be removed from that office in accordance with the tenure statutes. *Hubacz v. Village of Waterbury*, 2014 WL 1493981, at *7–8 (D. Vt. Apr. 15, 2014).

The village has suggested that it would be more efficient for the court to undertake this review for itself at the merits hearing, rather than remanding the matter to the village trustees. Existing cases, however, have explained that it is the role of the municipality in the first instance to determine whether cause exists for the removal of a police chief. *Turnley*, 2013 VT 42, ¶¶ 11–13. The role of the superior court, in turn, is to review the decision that was actually made by the selectboard. It is not the role of the superior court to weigh the evidence for itself, make its own independent factual findings, or make its own decision about whether the police chief should be removed from office. *Id.*

Order

For the foregoing reasons, petitioner's motion for a preliminary injunction (Motion #1) is granted in part. The village is prohibited from hiring a new police chief until further order of the court.

Electronically signed on Thursday, August 7, 2025 pursuant to V.R.E.F. 9(d).

H. Dickson Corbett
Superior Court Judge

Vermont Superior Court
Filed 08/08/25
Windsor Unit

25-CV-01942 Joseph Swanson v. Village of Woodstock